## GIBSON v. DENTON.

(Supreme Court, Appellate Division, Third Department. April 14, 1896.)

1. NEGLIGENCE—DANGEROUS PREMISES.

Where defendant allowed a partially decayed tree to stand on her lot in such a position that, if it fell, it would damage plaintiff's house, and, though notified that it was decayed and dangerous, neglected to remove it, she is liable for the damages caused by the fall of the tree on plaintiff's house during a gale.

2. SAME—EVIDENCE.

In an action for damages caused by the fall of a tree standing on defendant's lot, where it appeared that defendant had been notified of the danger, and it was shown that plaintiff had a conversation with defendant's attorney, it was not competent for defendant to show, further, the contents of a letter afterwards written by the attorney to her at plaintiff's request, it not being claimed that defendant took any action in consequence thereof.

Appeal from circuit court, Washington county.

Action by Charles B. Gibson against Elizabeth B. Denton to recover damages alleged to be due to the negligence of defendant. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

G. M. Ingalsbe (A. D. Wait, of counsel), for appellant.
D. J. Sullivan, for respondent.

PUTNAM, J. On the 18th day of November, 1892, the plaintiff was, and for several years prior thereto had been, the owner of a house and lot in Sandy Hill, N. Y. The defendant, during the same period, was the owner of the adjoining lot, on which stood (21 inches from the plaintiff's line, and 29 feet from his house) a pine tree, 22 inches in diameter, near the ground, and 75 feet high. This tree, during a heavy gale, on the day above mentioned, was blown down, falling on plaintiff's house. For the damage occasioned thereby, this action was brought. Plaintiff recovered a judgment, and the defendant appeals.

As an order denying the defendant's motion for a new trial on the minutes is contained in the case, we are unable to consider the question of fact discussed in the brief of the learned counsel for the appellant. We can pass only upon the exceptions taken by the defendant on the trial. Passey v. Craighead, 89 Hun, 76, 35 N. Y. Supp. 36. Hence, under the evidence produced by the plaintiff on the trial, the verdict of the jury must be deemed to have established the following state of facts: The pine tree had been cut into near the ground, and at that place was only about 18 inches in diameter. It had also been blazed, and on that part there was no bark. About one-half of the trunk, eight feet up and down, was without bark, and the wood appeared dead. The lower limbs were decayed, and other limbs did not appear like those of other pine trees,—not as

bright as they ought to have been.  The trunk was one-third or more decayed.  It stood fully exposed to the wind.  This condition had existed several years before the tree fell, and its unsound condition was apparent.  Plaintiff twice in 1891, and also once in August, 1892, requested the defendant to remove the tree.  He informed her of its condition; told her it had been blazed, cut into, was rotten, and that the occupants of his house were afraid of it.  The defendant promised to attend to it, but neglected to do so.  During a heavy gale, the tree was blown down, damaging the plaintiff's house to the amount for which he recovered judgment.

The defendant, on the trial, at the close of the evidence, moved for a nonsuit, claiming that, "as a matter of law," on the undisputed facts, the evidence was insufficient to justify the submission of the case to the jury.  We are called upon to consider her exception to the denial of this motion by the trial court.

If, instead of a pine tree, there had been on defendant's premises, at the same place, a building which had become dilapidated and unsafe, to the knowledge of the defendant, and which had fallen upon and damaged plaintiff's house, no doubt could be entertained of her liability for the injury occasioned thereby.  Rector, etc., v. Buckhart, 3 Hill, 193; Mullen v. St. John, 57 N. Y. 567; Jarvis v. Baxter, 52 N. Y. Super. Ct. 109.  In Reg. v. Watts, 1 Salk. 357, such an unsafe building is held to be a nuisance.  And see Simmons v. Everson, 124 N. Y. 319, 26 N. E. 911.  So, if the defendant had had a pole erected on her lot at the place where the tree stood, which had become decayed to her knowledge, and had fallen on plaintiff's premises, clearly she would have been liable for his damages sustained thereby.  In Ward v. Telegraph Co., 71 N. Y. 81–83, which was an action to recover for injuries caused by the fall of a telegraph pole placed on the street, it is said in the opinion: "If the pole which broke and fell was originally not reasonably sufficient, or if it was permitted carelessly to become and be insufficient by decay, the responsibility attached to the defendant for the accident."  If the defendant would have been liable for the fall of an unsafe pole or structure, we can see no good reason why she should not be responsible for the fall of a decayed tree, which she allowed to remain on her premises.  It is true that in the supposed case the pole or structure would have been placed on defendant's premises by her, her grantor or ancestor, while the tree grew there.  But the tree was on her lot, and was her property.  It was as much under her control as a pole or building in the same position would have been.  This decayed tree, standing where it did, near the plaintiff's house, and on which it was liable to fall during any of the gales which were liable to occur from time to time, we think, was a nuisance, which the defendant, at the request of the plaintiff, should have abated.  The defendant had no more right to keep, maintain, or suffer to remain on her premises an unsound tree, near the house of her neighbor, on which, in any of the frequently occurring high winds, it was liable to fall, than she would have had to keep a dilapidated and

unsafe building in the same position. It was her duty to maintain her premises in such a condition as that they should not become a cause of injury to her neighbor's property in a way that common prudence should foresee. ✗

It is urged by the appellant that the fall of the tree was caused by an extraordinary wind or gale, which could not have been anticipated, and hence the defendant was not liable. On the testimony in the case, the jury were not compelled to find that the gale which caused the fall of the tree was extraordinary. As far as the evidence shows, it was one of those gales that frequently occur, and which might be looked for at any time. We may infer that it was in anticipation of such a wind that the plaintiff requested the defendant to remove the tree.

Our attention is called to a dictum of Hunt, J., in Sheldon v. Sherman, 42 N. Y. 484, that "if a tree growing upon the land of one is blown down up the premises of another, and in its fall injures his shrubbery or his house or his person, he has no redress against him upon whose land the tree grew." But it does not appear that the learned judge was speaking of an unsound tree standing on premises of a party near the house of his neighbor, liable, in any high wind, to fall down upon it, and which the owner of the tree, after notice of its condition, neglected to remove.

The trial court did not err in sustaining the objection to the letter written by Mr. Ingalsbe to the defendant. She was allowed to show the conversation between plaintiff and Ingalsbe. It is difficult to see on what grounds the letter the latter afterwards wrote to his client, at the request of the plaintiff, was competent. It might have been received as a memorandum, had the proper preliminary proof been made. But Ingalsbe, as a witness, was unable to remember his conversation with plaintiff. The letter was not offered as a memorandum. It was competent for the defendant to show what the plaintiff said to her attorney, and this she was allowed to do. What her attorney said or wrote to her thereafter, at the request of the plaintiff, was not competent evidence, especially as it was not claimed that the defendant took any action in consequence of the letter. We conclude that the case was properly submitted to the jury, and can discover no error requiring a reversal of the judgment.

Judgment affirmed, with costs. All concur.