## KAISER v. WASHBURN.

(Supreme Court, Appellate Division, Third Department. November 14, 1900.)

TRIAL—NEGLIGENCE—NONSUIT—EVIDENCE—SUFFICIENCY.

> Plaintiff's house was next to defendant's, a lot 16 feet in width intervening between the two. While plaintiff was washing clothes in this lot, as was her custom, a shower of bricks fell from defendant's chimney, severely injuring her. For a year prior to the injury the chimney appeared to be in a dangerous condition; the mortar and bricks being loose, and the chimney cracked and leaning towards the yard. A witness for plaintiff testified that about a year before the injury he said to her, "You had better look out, or you will get hurt," and she replied, "I believe you are right, too." Plaintiff testified that she could not see the chimney, and that she had no knowledge of its defective condition; a tree interfering somewhat with the view of the chimney from certain points. *Held*, in an action for damages, that the evidence of defendant's negligence in permitting the chimney to remain in its defective condition was sufficient to justify its submission to the jury, and hence it was error to direct a nonsuit at the close of plaintiff's case.

Appeal from trial term, Albany county.

Action by Catherine Kaiser against Hiram L. Washburn. From a judgment in favor of defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

William E. Woollard (S. T. Hull, of counsel), for appellant.

Hiram L. Washburn (Randall J. Le Boeuf, of counsel), for respondent.

MERWIN, J. This action was brought to recover damages sustained by the plaintiff by the falling upon her of bricks from a chimney on premises owned by the defendant. The house in which plaintiff lived was next westerly of the defendant's house, and between the two houses was a lot or yard 16 feet in width. This yard was used by the plaintiff, and from the evidence we must assume that she had a right to do so. She took in washing, and in doing this work was accustomed to place her tubs on the southerly part of this yard. The defendant's house consists of two stories, with gable end to the street; and there were two chimneys,—one at the front or northerly end, and one at the southerly end. On the 12th June, 1899, while the plaintiff was engaged in the yard, at her tubs, in washing, a shower of bricks suddenly came down from the defendant's rear chimney, and the plaintiff was hit and injured. At the close of the evidence on the part of the plaintiff, a nonsuit was granted. The questions here are whether any basis for a liability against defendant is shown, and, if so, then, whether the plaintiff was entitled to have the question of contributory negligence submitted to the jury.

There was evidence tending to show that for a year prior to the accident the chimney appeared to be in a dangerous condition; that some of the mortar and bricks were out, and the chimney was cracked and leaning some towards the west. It has been held that

when a building adjoining a street falls into the street, in the absence of explanatory circumstances, negligence will be presumed, and the burden is placed upon the owner of showing the use of ordinary care. Mullen v. St. John, 57 N. Y. 567; Volkmar v. Railway Co., 134 N. Y. 418, 420, 31 N. E. 870; Vincett v. Cook, 4 Hun, 318. The defendant here did not reside in his house. A portion was vacant, and a portion (apparently that part in which was the defective chimney) had been rented by him to a tenant on the 1st March previous. In Timlin v. Oil Co., 126 N. Y. 514, 27 N. E. 788, the rule is laid down that:

"Where the owner of premises knows, or by the exercise of reasonable care can ascertain, that they have upon them a nuisance dangerous to the public or an adjoining owner, it is his duty to abate it before leasing the property. If he leases without doing this, he is liable to respond in damages to any one injured in consequence of the nuisance; and this is so although he did not create the nuisance."

It seems to me to be quite clear that it should not be said, as matter of law, that the defendant was not negligent. It was for the jury to say whether the defendant, in the exercise of reasonable care, should have discovered and remedied the defect. If so, there was a basis for liability against him. Gibson v. Denton, 4 App. Div. 198, 38 N. Y. Supp. 554. Clearly, the defect existed at the time he rented the property, on March 1, 1899.

Was a case made for the submission to the jury of the question of contributory negligence? One of the witnesses for the plaintiff (the last one called) testified on his cross-examination that about a year before the accident he was in the plaintiff's yard, and said to her, "You had better look out, or you will get hurt," and she replied, "I believe you are right, too." It is inferable that the chimney was the subject of the talk. The plaintiff had previously testified that she could not see the chimneys on the defendant's house, and had never noticed the house very much; that she did not notice the chimney before she was hurt, and did not know anything about the defendant's house at the time of the accident. It was shown that there was a tree in defendant's yard, back of his house, the limbs of which projected over the top of the chimney, and interfered somewhat with the view of the chimney from some points. The defendant relies largely on the evidence of notice to plaintiff the year before the accident. Still, it has been held in many cases that previous knowledge by the party injured of the existence of the defect from which the injury arose does not per se establish negligence on his part. Weed v. Village of Ballston Spa, 76 N. Y. 329; Bassett v. Fish, 75 N. Y. 304; Palmer v. Dearing, 93 N. Y. 7; Evans v. City of Utica, 69 N. Y. 166. In Cook v. Transportation Co., 1 Denio, 91, 101, it is said that:

"While a person confines himself to a lawful employment on his own premises, his position, however injudicious and imprudent it may be, is not, therefore, wrongful; and his want of due care or judgment in its selection can never amount to negligence, so as thereby to deprive him of redress for wrongs done to him by others."

Dollard v. Roberts, 130 N. Y. 269, 29 N. E. 104, 14 L. R. A. 238, was an action to recover damages for injuries to plaintiff's minor

daughter arising from the fall of plaster from the ceiling of a hall-way in a house of defendant, an upper floor of which was leased to and occupied by the plaintiff and his family; the hallway being used in common by the tenants. It was held that the fact that plaintiff and his daughter had knowledge of the condition of the ceiling, and may have apprehended that the plaster would fall, did not necessarily charge either of them with contributory negligence in passing under it; that, while the duty was imposed upon the daughter of using due care to avoid danger, it could not be said, as matter of law, that she failed in that respect by not constantly having in mind the condition of the ceiling when passing through the hallway, as she was obliged to do in going to and fro. It was said that the girl was not necessarily chargeable with negligence for having for the time being forgotten the condition of the ceiling, or for having her thoughts or attention directed from it at the time of the occurrence. The plaintiff was upon her own premises, at her usual work, but was in fact in a place made dangerous by defendant's chimney. She was, as it may be inferred from the evidence, about five feet from the defendant's house, and her two married daughters were with her. Evidently none of them realized that their position was dangerous. Whether or not, under the circumstances, the plaintiff ought to have realized the danger and avoided it, was, we think, a question of fact for the jury to decide. It follows that a new trial should be granted.

Judgment and order reversed on the law and the facts, and a new trial granted; costs of appeal to the appellant to abide the event. All concur.