The defendant was not only a trespasser in making the excavation into which the plaintiff fell, but its liability for negligence is not seriously disputed. I do not agree that the plaintiff, by reason of his contractual relation with the defendant, is prevented as a matter of law from recovering for his personal injuries.
The duty of the station agent relating to the derailing switch was materially different and less exacting than his duty in relation to the switches in the main line of track. The derailing switch in question was placed in a side track known as "Lawton's Siding," which is a side track running from defendant's main track at a point west of the passenger station to a storehouse east of the passenger station and the highway and in front of the plaintiff's house. The grade of that side track descends to the west to such an extent that if the brakes on a car standing on the side track should be released by accident or design, it would allow the car to run by gravity upon the main track and cause a collision with a train if then standing on the main track or obstruct the main track if the car entered upon it. The purpose of putting in the derailing switch in question is stated by the supervisor of tracks, who constructed it, in these words: "The Lawton siding was on a *Page 297 
heavy grading after you get beyond the straight, and our passenger trains used that track every day at that time, and I guess they do yet, No. 4 and No. 7 as a passing track. The east-bound train takes the siding to pull out, No. 7 going towards Massena Springs. They stand right there and a car is liable to run down into the side of the coaches and injure the passengers and cause an accident. In order to prevent that we put in a derailing switch there to put the car on the ground in case it would come while there was a train going in or out there. At Mr. McCormick's, the trainmaster's, suggestion it was put in."
On the night when this accident occurred there were no cars on the side track that could run down upon the main track. The switches from the main track were lighted, and it appears by uncontradicted testimony that derailing switches are not provided with lights, and in this case particularly there was no reason for lighting the derailing switch as no cars were standing east of it, and it does not appear that cars were run upon that siding during the hours between sunset and sunrise. Lights are not provided for such derailing switches because there is no reason therefor. It does not appear but that the station and grounds were in proper condition for the comfort and convenience of patrons, and there is no controversy but that the derailing switch in question was safe for use so far as the safety of trains is concerned. In view of the facts that lamps are not provided for derailing switches, and that there was no special reason relating to the safety of trains for maintaining a light at the derailing switch in question, I do not see that plaintiff failed to perform any contractual obligation resting upon him so as to charge him with contributory negligence preventing a recovery in this action. The construction of switches and the maintenance and supervision of tracks belong to another department of the defendant's work.
The plaintiff's duty, as stated in the rules, was general and the purpose of imposing it upon him is expressly stated to have been to promote the comfort and convenience of patrons and to *Page 298 
insure the safety of trains. This accident occurred on property in the plaintiff's possession, and immediately before he reached the defendant's grounds. He had not failed to perform any duty affecting the comfort and convenience of patrons, and it does not appear that this or any other switch was not in a safe condition so far as the operation of trains is concerned. The place in which he was injured was not one that affected the comfort and convenience of patrons, and the exact location of the excavation and the failure to properly fill the same after the switch was completed in no way affected the operation or safety of the defendant's trains. The plaintiff undoubtedly had some knowledge that work had been done in the construction of a derailing switch in the Lawton siding. He testified that he did not know of its exact location, and the jury must have found that plaintiff told the truth as to his knowledge and lack of knowledge of the derailing switch. The plaintiff assumed that the employees in the defendant's construction and operating department had not trespassed upon and left a dangerous excavation upon his lands, and that it was safe for him to walk on and from his lands in the path where he had been accustomed to walk. Even if he failed to remember for the moment that work had been performed on the defendant's grounds that would suggest special care on his part while proceeding in the darkness after arriving thereon, he was not guilty of contributory negligence, as a matter of law, in what he did. (Weed v. Village of Ballston Spa, 76 N.Y. 329;Dollard v. Roberts, 130 id. 269; Kaiser v. Washburn,55 App. Div. 159.) There may be doubt whether the plaintiff sustained the burden of proof incumbent upon him relating to contributory negligence, but there is some evidence to sustain the conclusion of the jury, and their determination of the question of fact cannot be reversed by this court. The judgment should be affirmed, with costs.
O'BRIEN, HAIGHT and WILLARD BARTLETT, JJ., concur with CULLEN, Ch. J.; EDWARD T. BARTLETT and VANN, JJ., concur with CHASE, J.
Judgment reversed, etc. *Page 299