**Tilford E. DUDLEY, Appellant,**

v.

**MEADOWBROOK, INC., a corporation and Katherine C. Herring Rutherford and Clyde L. Herring, Appellees.**

**No. 2669.**

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 5, 1960.

Decided Jan. 11, 1961.

Rehearing Denied Feb. 1, 1961.

Lola Boswell, Washington, D. C., for appellant.

James C. Gregg, Washington, D. C., with whom Hugh Lynch, Jr., and Charles E. Channing, Jr., Washington, D. C., were on the brief, for appellees.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11-776(b).

CAYTON, Acting Judge.

A large tree on defendants' property fell across an alley and onto plaintiff's premises, damaging his garage and other property. Plaintiff sued for his damages and at the end of his case the trial court found for defendants, ruling that it was unnecessary for them to put on any answering evidence. The question on this appeal is whether that ruling was proper.

Plaintiff's evidence was that the tree fell at a time when no strong wind was blowing; that the tree had been on defendants' property before 1942, when an apartment house was built there; that the soil had been banked 2 or 3 feet deep on two sides of the tree and a concrete well was built around the tree trunk; that the apartment building was about 4 feet from the tree well and a paved parking area was about a foot away. Plaintiff testified that the tree was about 75 feet tall and 2½ feet in diameter; that where it broke off at ground level there were indentations extending about 6 inches below the ground and into the base of the tree trunk; that an area of about 2 feet inside the trunk appeared to be "spongy, decayed and soft," although such condition did not appear on the outside of the trunk. He said the tree was in full foliage with no dead branches but that on one side of the trunk there was a strip of cement extending from near the base to a height of about 5 feet and he first noticed this about 1945.

Cases dealing with the liability of adjoining property owners for damage caused by falling trees have not arrived at harmonious results. See Turner v. Ridley,

D.C.Mun.App., 144 A.2d 269; Sterling v. Weinstein, D.C.Mun.App., 75 A.2d 144; Brandywine Hundred Realty Co. v. Cotillo, 3 Cir., 55 F.2d 231, certiorari denied 285 U.S. 555, 52 S.Ct. 411, 76 L.Ed. 944; Chambers v. Whelen, 4 Cir., 44 F.2d 340, 72 A.L.R. 611; Gibson v. Denton, 4 App.Div. 198, 38 N.Y.S. 554; Annotation, 11 A.L.R. 2d 626.

■ We think the sound and practical rule is that liability in such cases is to be determined by the test of negligence and that a landowner should be held to the duty of common prudence in maintaining his property, including trees thereon, in such a way as to prevent injury to his neighbor's property. See cases cited above, and also Coates v. Chinn, 51 Cal.2d 304, 332 P.2d 289; 1 Am.Jur., Adjoining Landowners, § 57.

Did plaintiff make out a prima facie case to show that defendant landowners had been negligent? Judging his evidence in its most favorable light we are of the opinion that he proved enough to require defendants to come forward with their evidence. A healthy tree does not ordinarily fall of its own weight without some exterior force being directed against it. Though some evidence indicated that the tree looked sound, it was in fact full of decay. At least 13 years earlier it had been subjected to surgery and a large area filled with concrete. We think it cannot be said as a matter of law that during all the intervening years the owners were under no duty to inspect it or have it examined by an expert to see whether it required further attention and whether it was safe to let it remain standing.

Perhaps erecting the apartment building 4 feet or so from the tree and paving the parking area a foot away had something to do with the unsound condition which followed; perhaps neither of these conditions had any causal connection with the decay and collapse of the tree. But in order to arrive at a reliable judgment as to negligence or lack of negligence, the owners

should have been required to produce evidence as to what they knew about it or what examinations they made during the many years since the tree was last treated. We hold it was error to rule otherwise.

Reversed with instructions to grant a new trial.