HALL, Judge.
On January 11, 1963 a hackberry tree located on property owned by Clayton E. Pitre and Earl S. Acosta fell onto a house on adjoining property owned by Robert Farbe. Farbe sued Pitre and Acosta and their tenant, Arnold C. Klein, in solido for the resulting damage to his residence. Judgment was rendered in plaintiffs favor against Pitre and Acosta in solido in the sum of $1,161.50 plus interest and costs. No judgment whatever was rendered in respect to the defendant-tenant, Klein, for the reason that he filed no answer and no preliminary default was entered against him. Klein, however, was present and testified at the trial. Pitre and Acosta appealed from the judgment rendered against them. Plaintiff answered the appeal praying that the judgment in his favor be amended by casting the tenant, Klein, in solido with Pitre and Acosta and by increasing the damages awarded him to the sum of $3,161.55.
Plaintiff contends that the tree was old, rotten and defective and that the defendants were aware of this fact and neglected to take any action to eliminate the hazard occasioned thereby. The defendants (Pitre and Acosta) contend that the tree was not defective and that the tree blew down as the result of a “terrible storm.”
In his original petition plaintiff had itemized the cost to remove the tree from against his home at $110.00, and the cost to repair the brick damage at $250.00, but when the case was called for trial plaintiff moved at once for an instanter amendment of his petition decreasing the tree removal item to $35.00 and increasing the brick damage item to $510.00. The Trial Judge permitted the amendment over the objection of defendants. Defendants did not request a continuance but went to trial under the petition as amended.
The Trial Judge rendered written reasons for judgment in which he found as a fact that the tree was of a “rotten nature” and defective and that plaintiff had called the condition of the tree to the defendants’ attention sometime previous to its falling. He further found that the tree fell against plaintiff’s house on January 11, 1963 and caused the damages complained of and that at the time the tree fell there was no unusual or extraordinary wind, and no indication of gusts.
As to the award of damages the Trial Court said:
“The Court believes the plaintiff is entitled to recover the following actual damages: $35.00 to remove the tree, $116.50 to repair roof, $510.00 to repair brick damage. Additionally our courts have allowed property owners to recover for inconvenience and loss of complete enjoyment of property in cases where the actions of a neighboring property owner have caused such a situation. This tree remained leaning on plaintiff’s house until he removed it at his own expense and labor. The Court awards $500.00 for this.”
Defendants-appellants contend that the Trial Court erred:
1) In allowing an amendment to the pleadings which substantially affected the *469 amount of damages thereby prejudicing their defense.
2) In finding that the tree in question was defective and that the defendants had knowledge of this fact prior to the fall of the tree.
3) In not finding that the tree fell as the result of a vis major.
4) In its assessment of damages, particularly its allowance of Five Hundred Dollars for plaintiff's humiliation, embarrassment and inconvenience.
We find no merit in appellants’ first contention. They had been apprised by plaintiff’s original petition that plaintiff was demanding damages for the bricks, and the amendment did not in any measure change the cause of action nor the issues, nor did it change the method or type of defense required, it simply changed the amount of damages demanded. Appellants cannot contend that they would have been better prepared to defend brick damage in the sum of $250.00 than in the sum of $510.-00. As it turned out, appellants produced no witnesses of their own relative to this item of damages. The law accords the Trial Judge a broad discretion in permitting amendments and we find no abuse of discretion in this case.
Appellants’ second and third assignments of error relate to factual matters only. It would serve no good purpose for us to detail the testimony in this opinion. Suffice it to say, that after a careful consideration of all of the testimony and exhibits filed in the record, we find no error, manifest or otherwise, in the Trial Court’s findings and conclusions of fact.
In his assessment of damages the Trial Court allowed $500.00 for plaintiff’s “inconvenience and loss of complete enjoyment of (his) property.” In oral argument appellants’ counsel seemed to be under the impression that the Court had awarded $500.00 damages to plaintiff for “humiliation and embarrassment” and laid great stress on this point. Counsel’s impression was incorrect. The Trial Court made no award for “humiliation and embarrassment.”
The record shows that the tree fell on plaintiff’s house in the early part of January. During the following three weeks he endeavored on a number of occasions to get defendants to remove the tree but his pleas were rejected or ignored. Being without funds to remove the tree it remained resting against his residence until sometime in April when he and an assistant, whom he hired for $35.00, removed it. While resting against his residence the tree completely blocked a passage-way to plaintiff’s rear yard.
In his answer to the appeal plaintiff prays that this $500.00 item be increased to the sum of $2,500.00. There is no intimation in the record that the tree resting against his house caused plaintiff any “humiliation or embarrassment.” We are of the opinion, however, that the tree did cause plaintiff some inconvenience and loss of the complete enjoyment of his property, and we are of the further opinion that the Court’s award of $500.00 for this item was neither excessive nor inadequate.
In his answer to the appeal plaintiff also prayed that the tenant, Klein, be cast in judgment in solido with Pitre and Acosta. No preliminary default was entered against Klein. When Klein nevertheless appeared in Court on the day of the trial, the Trial Judge stated that he would consider that he had filed a “general denial” and permitted him to appear and defend the case. However the Court rendered no judgment in respect to him.
We find no reason to inquire into what effect the Court’s action in considering that Klein had filed an answer might have, for the reason that Klein as a mere tenant of Pitre and Acosta was not exposed to any liability.
*470 For the foregoing reasons the judgment appealed from is affirmed; appellants to pay the costs of this appeal.'.
Affirmed.