CARL MAHURIN, Plaintiff-Appellee, *v.* LOIS LOCKHART, Defendant-Appellant.

Fifth District   No. 78-262

Opinion filed May 16, 1979.

Gordon R. Broom, of Burroughs, Simpson, Wilson, Hepler & Broom, of Edwardsville, for appellant.

V. Robert Matoesian, of Granite City, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiff, Carl Mahurin, brought this action in the Circuit Court of Madison County to recover damages for personal injuries sustained when a dead branch extending over his property fell from a tree belonging to defendant Lois Lockhart, an adjoining landowner, and struck him. In his complaint, plaintiff alleged that defendant failed to prune the tree or take other necessary precautions after plaintiff warned him of the condition of the tree and the dangers it posed. Defendant moved to dismiss the

complaint alleging that a landowner is not liable for physical harm to others outside of the land caused by a natural condition thereon, and further alleging that plaintiff was contributorily negligent in standing under the tree knowing of its dangerous condition. The trial court denied the motion to dismiss, and, pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1977, ch. 110A, par. 308) certified that the question of law raised in defendant's motion presented substantial ground for difference of opinion and that an immediate appeal would materially advance the ultimate termination of the litigation. We agreed with the trial court and granted leave to appeal.

The narrow issue before this court is to determine the extent, if any, of the duty that a landowner in a residential area owes to persons outside of his premises to remedy some defective or unsound condition of a tree upon his land when the tree and its condition are of a purely natural origin. As there is no Illinois authority dealing directly with this precise issue, defendant asks us to adopt the traditional rule as set forth in section 363 of the Restatement (Second) of Torts (1965). This section provides:

"(1) Except as stated in Subsection (2), neither a possessor of land, nor a vendor, lessor, or other transferor, is liable for physical harm caused to others outside of the land by a natural condition of the land.

(2) A possessor of land in an urban area is subject to liability to persons using a public highway for physical harm resulting from his failure to exercise reasonable care to prevent an unreasonable risk of harm arising from the condition of trees on the land near the highway."

The comments to this section indicate that the rule stated in subsection (1) applies even though the landowner is aware of the dangerous natural condition and the expense necessary to remedy the condition is slight (Restatement (Second) of Torts §363, Comment a (1965)). In contrast, the comments to subsection (2) of the rule recognize the dangers of trees in heavily populated areas:

"In an urban area, where traffic is relatively frequent, land is less heavily wooded, and acreage is small, reasonable care for the protection of travelers on the highway may require the possessor to inspect all trees which may be in such dangerous condition as to endanger travelers. It will at least require him to take reasonable steps to prevent harm when he is in fact aware of the dangerous condition of the tree." Restatement (Second) of Torts §363, Comment e (1965).

The traditional rule of nonliability developed at a time when land was mostly unsettled and uncultivated. The landowner, unable to keep a daily account of and remedy all of the dangerous conditions arising out of

purely natural causes, was therefore shielded from liability out of necessity. (See Prosser, Torts §57, at 354-56 (4th ed. 1971).) While there are many reasons to continue the traditional rule in regions that are largely rural, there is little or no reason to apply it in urban and other developed areas. In urban centers, it would not be unduly burdensome for a small property owner to inspect his property and take reasonable precautions against dangerous natural conditions. The American Law Institute recognized the reasons for different treatment in urban and rural areas, but did not extend the greater duty that possessors of urban property owe to persons using the highways to adjoining landowners. We, however, believe there is no reason to so restrict the landowner's duty and hold that a landowner in a residential or urban area has a duty to others outside of his land to exercise reasonable care to prevent an unreasonable risk of harm arising from defective or unsound trees on the premises, including trees of purely natural origin.

Our court is not the first to attack the validity of the traditional rule. In *Barker v. Brown*, 236 Pa. Super. Ct. 75, 340 A.2d 566 (1975), a landowner brought an action against the owner of adjoining property for damages sustained when a large tree on the adjoining property fell onto plaintiff's land and caused damage to two trees. In reflecting the Restatement rule, the court held:

"A possessor of land in or adjacent to a developed or residential area is subject to liability for harm caused to others outside of the land by a defect in the condition of a tree thereon, if the exercise of reasonable care by the possessor

(a) would have disclosed the defect and the risk involved therein, and

(b) would have made it reasonably safe by repair or otherwise."

(236 Pa. Super. Ct. 75, 81, 340 A.2d 566, 569.)

Likewise, in *Dudley v. Meadowbrook, Inc.*, 166 A.2d 743 (D.C. 1961), plaintiff sued for damages when a large tree on defendants' property fell across an alley onto plaintiff's premises causing extensive damage to his garage and other property. In granting a new trial, the court held:

"We think the sound and practical rule is that liability in such cases is to be determined by the test of negligence and that a landowner should be held to the duty of common prudence in maintaining his property, including trees thereon, in such a way as to prevent injury to his neighbor's property." (166 A.2d 743, 744.)

See also *Cornett v. Agee*, 143 Ga. App. 55, 237 S.E.2d 522 (1977); *Rowe v. McGee*, 5 N.C. App. 60, 168 S.E.2d 77 (1969); and *Farbe v. Klein*, 187 So. 2d 467 (La. App. 1966), in which similar conclusions were reached.

In the present case, the rights and liabilities of the parties must be defined using the ordinary rules of negligence. It is therefore appropriate for the trier of fact to consider, as suggested by *Prosser*, such factors as "the nature of the locality, the seriousness of the danger, and the ease with which it may be prevented" (Prosser, Torts §57, at 356 (4th ed. 1971)) in resolving the issue of liability.

We note that although defendant had a duty to exercise reasonable care in this situation the factual pattern as presented may suggest the contributory negligence of plaintiff. (See *Rowe v. McGee*; Restatement (Second) of Torts §201 (1965).) Section 201 of the Restatement (Second) of Torts (1965), provides that a landowner is privileged to enter upon a neighbor's land to abate a condition thereon which constitutes a private nuisance. While this privilege alone does not establish the contributory negligence of plaintiff, it could be considered by the jury in resolving this issue.

In *Rowe v. McGee*, a case similar to the one at bar, a large rotten tree fell from a vacant lot owned by defendants onto the house of plaintiffs Edward and Josephine Rowe. The Rowes alleged that on at least two occasions prior to this incident they advised defendants of the tree's condition and requested its removal. In their answer, defendants alleged that the Rowes had received their permission to cut and remove the tree. The Court of Appeals of North Carolina held that "defendants were under a duty to eliminate the danger and could not with impunity place such burden to remove the tree on Edward and Josephine" (5 N.C. App. 60, 66, 168 S.E.2d 77, 81) but nevertheless concluded that it was proper for the trial court to submit the issue of contributory negligence to the jury as the evidence was susceptible to the interpretation that the Rowes led defendants to believe that the tree had been cut and removed.

For the reasons stated, we affirm the order of the Circuit Court of Madison County denying defendant's motion to dismiss and remand the case for further proceedings consistent with this opinion.

Affirmed.

JONES and KUNCE, JJ., concur.