EDWARD CHANDLER, Plaintiff-Appellant, v. M. CRISTINE LARSON *et al.*, Defendants (Ann Larson, Defendant-Appellee).

First District (4th Division) No. 86—0117

Opinion filed October 30, 1986.

Berman, Roberts & Kelly, of Chicago (Edward A. Berman, of counsel), for appellant.

Clifford P. Mallon, of Chicago (Robert Guilfoyle, of counsel), for appellee.

PRESIDING JUSTICE LINN delivered the opinion of the court:

The plaintiff, Edward Chandler, filed suit against M. Cristine Larson, Thomas W. Larson (hereafter called codefendants) and Ann Larson (hereafter defendant) for damages to plaintiff's garage, which were allegedly caused by the roots of a tree growing on adjacent property owned by defendant and codefendants. Plaintiff's original complaint sought injunctive relief and damages. Plaintiff then filed an amended complaint, which alleged that defendant and codefendants had been negligent in failing and refusing to take reasonable steps to control the growth of the tree and its roots. Subsequently, defendant filed a motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—615).[1] After a hearing, that motion to dismiss was granted. Subsequently, plaintiff filed a motion to vacate, which was denied by the trial court.

BACKGROUND

Plaintiff's complaint was filed on November 7, 1984. Count one alleged that plaintiff was the owner of certain real estate located at 2718 Ewing in Evanston; that defendant was the owner of the real estate located at 2714 Ewing; that the real estate owned by defendant is immediately adjacent to and south of plaintiff's property; that on the north border of defendant's real estate toward the western rear of the property, defendant had a tree which for some time had been growing over and onto the plaintiff's property with the roots growing under the plaintiff's property and in particular plaintiff's garage and the leaves growing above plaintiff's property; that as a consequence of the growth of that tree plaintiff's garage had been severely and greatly damaged from the roots of the tree so that "the foundation has been broken, walls damaged and the roof coming apart"; that plaintiff had made demands and requests upon defendant to tear down and destroy the tree to prevent further damage to plaintiff's garage and other properties, but defendant had failed and refused to uproot the tree; that as a proximate result of the foregoing, plaintiff's garage has been rendered unusable for the purpose of storing his car and other personal belongings; and that the growth of defendant's tree has had an adverse effect upon plaintiff's property

---

[1]The codefendants were not served with process and are not parties to this appeal.

and resulted in great and irreparable injury and damage to plaintiff for which pecuniary compensation would not afford adequate relief.

Count I then requested a mandatory injunction requiring defendant to remove the tree with its roots.

Count II realleged the allegations of count I and also stated that, as a consequence of the foregoing actions by defendants, plaintiff has suffered great pecuniary damages. Count II then requested a judgment for compensatory damages.

On December 14, 1984, defendant filed a motion to dismiss both counts of plaintiff's complaint. In that motion defendant contended that neither count allegedly stated a cause of action in law or equity. On February 14, 1985, plaintiff filed a memorandum in response to defendant's motion to dismiss. In that memorandum plaintiff argued primarily that a tree does not constitute a natural condition in a city environment and that adjoining land owners in urban areas are entitled to reasonable protection from injury through negligence. After a hearing on February 28, 1985, count I was dismissed with prejudice. In addition, count II was stricken with leave to file an amended complaint.

On March 27, 1985, plaintiff filed an amended complaint for damages. That complaint reasserted the allegations in the original complaint. In addition, the new complaint asserted:

"7. Plaintiff has made demands and requests upon defendants to take reasonable steps to stop the continuing damage to plaintiff's property, including requests to tear down and destroy the tree, where the roots encroach into plaintiff's property, to prevent further damage to the garage and property of the plaintiff, but defendants have failed and refused, and still refuse to take any steps within their control, including action to uproot the tree or its roots which has damaged, is damaging and continues to damage plaintiff's garage.

8. Defendants have a duty to plaintiff to exercise reasonable care to prevent an unreasonable harm and injury in maintaining trees on defendants' land.

9. Defendants have acted unreasonably and negligently in maintaining their property.

10. As the proximate result of the foregoing, plaintiff's garage has been rendered unusable for the purposes for which it was intended, to wit, to store his car and other personal belongings.

11. As a consequence of the foregoing, and as the proximate cause of the actions of defendants, plaintiff has suffered and

continues to suffer great pecuniary damages."

On April 26, 1985, defendant filed a second motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure. That motion alleged that the amended complaint was identical to the original complaint except that it had added the above-described allegations. Defendant then argued that whether or not she had negligently permitted the roots of her tree to grow was in no way—factually or qualitatively—different than the plaintiff's previously stated allegations that she had "refused" to tear down and destroy the tree to prevent damage to plaintiff's garage.

The motion to dismiss further alleged that plaintiff was attempting to reargue the original motion to dismiss upon which the court had previously ruled. In addition, the motion also asserted that plaintiff, who had dropped his claim for injunctive relief, expected that this matter would be transferred to the law division, where the motion could be reargued before a different judge.

Plaintiff filed another memorandum in response to defendant's motion to dismiss, which realleged that defendant and codefendants had been negligent in failing to maintain the tree on their property. After a hearing on the motion to dismiss on September 26, 1985, the trial court struck plaintiff's amended complaint for failure to state a cause of action. That dismissal was with prejudice. Plaintiff then filed a motion to vacate the dismissal, which was denied.

OPINION

On appeal, plaintiff contends that his complaint stated a valid cause of action against defendant for negligent maintenance of the tree.

The primary issue therefore is whether an urban landowner can state a cause of action for negligence where damages to his property result from the growth of roots of a tree which is located on the defendant's adjoining property.

In *Merriam v. McConnell* (1961), 31 Ill. App. 2d 241, 175 N.E.2d 293, the plaintiff sought an injunction to restrain defendants from growing box elder trees since those trees, on a yearly basis, became infested with box elder bugs which migrated to plaintiff's property. In *Merriam*, this court found that the entire problem was one of natural origin and, because of this, it concluded that equity could not be used to control or abate natural forces as if they were a nuisance. However, in *Merriam*, the plaintiff did not allege negligent conduct on the part of defendants. In addition, the *Merriam* court cited with approval the Massachusetts case of *Michalson v. Nutting* (1931), 275

Mass. 235, 175 N.E. 490, where the court held that an owner of land is entitled to grow trees on any or all of his land and that their natural growth reasonably will result in the extension of roots and branches onto adjoining property. Because of this, the Massachusetts court dismissed the suit for an injunction where roots had clogged the sewer of an adjoining landowner. (*Merriam v. McConnell* (1961), 31 Ill. App. 2d 241, 245-48, 175 N.E.2d 293.) That court stated:

> "The law is that defendants themselves would have to be guilty of some carelessness, negligence or willfulness in bringing, or helping to bring, about a harmful condition in order to entitle plaintiff to the relief sought in this particular prayer. The complaint does not allege that they were guilty in any of these ways.
>
> \*\*\* When a person moves to a wooded suburban area he should know that he is going to a place where nature abounds; where trees add to the pleasure of suburban life; and where the shade of trees, leaves, overreaching branches, roots, squirrels, birds, insects and the countless species of nature tend to disregard property lines. \*\*\*
> \*\*\*
>
> We conclude that equity should not lend its jurisdiction to the control or abatement of natural forces as though they were nuisances." 31 Ill. App. 2d 241, 247-48, 175 N.E.2d 293.

In *Mahurin v. Lockhart* (1979), 71 Ill. App. 3d 691, 390 N.E.2d 523, the plaintiff sued an adjoining lot owner for damages resulting when a dead limb on a tree on defendant's property fell on plaintiff's property, striking plaintiff and injuring him. This court held that the complaint stated a cause of action. In that case, defendant had contended that she had no liability for damages occurring to nearby property that resulted from the existence of natural conditions on her land. This court rejected that view as being outdated. The court stated:

> "The traditional rule of nonliability developed at a time when land was mostly unsettled and uncultivated. The landowner, unable to keep a daily account of and remedy all of the dangerous conditions arising out of purely natural causes, was therefore shielded from liability out of necessity. (*Prosser*, Torts sec. 57, at 354-56 (4th ed. 1971).) While there are many reasons to continue the traditional rule in regions that are largely rural, there is little or no reason to apply it in urban and other developed areas. In urban centers, it would not be unduly burdensome for a small property owner to inspect his property and take reason-

able precautions against dangerous natural conditions. The American Law Institute recognized the reasons for different treatment in urban and rural areas, but did not extend the greater duty that possessors of urban property owe to persons using the highways to adjoining landowners. We, however, believe there is no reason to so restrict the landowner's duty and hold that a landowner in a residential or urban area has a duty to others outside of his land to exercise reasonable care to prevent an unreasonable risk of harm arising from defective or unsound trees on the premises, including trees of purely natural origin." 71 Ill. App. 3d 691, 692-93, 390 N.E.2d 523.

The *Mahurin* opinion is in agreement with the trend to place greater responsibility upon the owner of the property where the tree is located. Several decisions establishing that trend are as follows: *Barker v. Brown* (1975), 236 Pa. Super. 75, 340 A.2d 566, and *Dudley v. Meadowbrook, Inc.* (D.C. App. 1961), 166 A.2d 743. As stated by Prosser:

"It is scarcely suited to cities, to say that a landowner may escape all liability for serious damage to his neighbors, merely by allowing nature to take its course. A different rule accordingly has been developing as to urban centers. *** [W]hen the tree is in an urban area, *** the landowner now has a duty of reasonable care, including inspection to make sure that the tree is safe. Recent decisions have extended the right to reasonable protection from travelers on the street to adjoining landowners as well. The tree cases may suggest that the ordinary rules as to negligence should apply generally to natural conditions, at least in urban and residential areas, so that the inquiry would focus upon such factors as the nature of the locality, the seriousness of the danger, and the ease with which it may be prevented, in the light of all the circumstances." W. Prosser & W. Keeton, Torts sec. 57, at 391 (5th ed. 1984).

*Bandy v. Bosie* (1985), 132 Ill. App. 3d 832, 477 N.E.2d 840, also involved a suit between two adjoining owners of city lots. In that case the complaint alleged: (1) that plaintiffs and defendant owned adjoining city lots; (2) that certain maple and elm trees on defendant's lot dropped sap and leaves on plaintiffs' property, and roots from these trees had entered and damaged plaintiffs' sewer line, causing water to back up in their basement; and (3) that the foregoing had caused plaintiffs substantial expenditures and had caused irreparable damage to plaintiffs' sewer line. Plaintiffs sought injunctive relief and damages. Subsequently, the circuit court allowed defendant's motion to

dismiss counts I and II for failure to state a cause of action. After the trial court made a finding pursuant to Supreme Court Rule 304(a) (87 Ill. 2d R. 304), plaintiff appealed.

This court analyzed its previous decisions in *Merriam v. McConnell* (1961), 31 Ill. App. 2d 241, 175 N.E.2d 293 and *Mahurin v. Lockhart* (1979), 71 Ill. App. 3d 691, 390 N.E.2d 523 and then stated that it did not feel that trees that dropped leaves on neighboring lands or trees that had sent out roots which had migrated to neighboring lands causing a drainage obstruction necessarily constituted a nuisance. In addition, this court pointed out that there was no allegation that the trees constituted a danger or that they were negligently maintained. The appellate court then affirmed the trial court's decision to dismiss the injunction counts for failure to state a cause of action. *Bandy v. Bosie* (1985), 132 Ill. App. 3d 832, 834, 477 N.E.2d 840.

In the present case, we have two adjoining owners of city lots, and consequently, the *Merriam* decision would not be directly applicable. Moreover, unlike *Bandy*, plaintiff here made an allegation of negligence on the part of defendant. These facts and our review of the record on appeal lead us to the conclusion that the present matter is most analogous to the factual situation in *Mahurin v. Lockhart*. Plaintiff's amended complaint alleged that plaintiff had placed defendant on notice that the roots from defendant's tree were causing considerable damage to plaintiff's garage. The complaint further alleged that, although defendant had received such notice, she continued to refuse to uproot the tree or to use other methods which would prevent further harm and injury to plaintiff's garage. As an owner of urban property, defendant owes adjoining landowners, such as plaintiff, a duty of reasonable care. That duty would necessarily include the taking of reasonable steps to prevent damage to plaintiff's garage caused by the roots of one of defendant's trees. Under such circumstances, we are of the opinion that plaintiff's amended complaint stated a good cause of action for negligence. Accordingly, the trial court erred when it dismissed that complaint.

For the reasons stated above, the order of the circuit court which dismissed plaintiff's amended complaint with prejudice is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

JOHNSON and McMORROW, JJ., concur.