■ L. ERIC JOHNSON et al., Respondents, v TOWN OF FISHKILL et al., Appellants. (And a Third-Party Action.) [692 NYS2d

431] —In an action to recover damages for personal injuries, etc., (1) the defendants Town of Fishkill and Commercial Interior Contracting Corporation separately appeal from an amended order of the Supreme Court, Dutchess County (Bernhard, J.), dated September 30, 1998, which granted the plaintiffs' motion for summary judgment on the issue of liability pursuant to Labor Law § 240, and (2) Commercial Interior Contracting Corporation appeals from an amended order of the same court, dated November 23, 1998, which denied its motion for leave to file a jury demand nunc pro tunc.

Ordered that the amended order dated September 30, 1998, is reversed, and the motion for summary judgment is denied; and it is further,

Ordered that the amended order dated November 23, 1998, is affirmed; and it is further,

Ordered that the appellants are awarded one bill of costs.

Pursuant to CPLR 3212 (a), "[a]ny party may move for summary judgment in any action, after issue has been joined * * * such motion shall be made no later than [120] days after the filing of the note of issue, except with leave of court on good cause shown". The plaintiffs' summary judgment motion, filed more than 270 days after the filing of the note of issue, was untimely. The court erred in granting the late motion, which was made without leave and without good cause shown for the delay (see, Olzaski v Locust Val. Cent. School Dist., 256 AD2d 320).

The denial of the motion of the appellant Commercial Interior Contracting Corporation to file a jury demand nunc pro tunc was a proper exercise of discretion. S. Miller, J. P., Joy, H. Miller and Feuerstein, JJ., concur.