■ DOROTHY WELCH, Appellant, v CITY OF GLEN COVE, Respondent. (And a Third-Party Action.) [708 NYS2d 475] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated March 12, 1999, as granted the defendant's motion for leave to make a late motion for summary judgment and, upon granting such leave, for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff was allegedly injured when, while on property adjacent to the driving range of a golf course owned by the defendant City of Glen Cove, she was struck by a golf ball that was "sliced" from the driving range. She commenced this action to recover damages for personal injuries. The plaintiff alleged that the defendant was negligent for failing to erect netting or other protective devices between the driving range and the property upon which she was struck. More than 120 days after the note of issue was filed, the defendant moved for leave to file a late motion for summary judgment and, upon the grant of such leave, for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court granted such relief. We now reverse.

In support of its motion for leave to file a late motion for summary judgment, the defendant failed to establish good cause (*see,* CPLR 3212 [a]; *Neves v Port Auth.,* 265 AD2d 393; *DiFusco v Wal-Mart Discount Cities,* 255 AD2d 937). Thus, the Supreme Court improvidently exercised its discretion in granting such leave. In any event, there are issues of fact as to whether the defendant breached a duty owed to the plaintiff and, if so, whether such a breach was a proximate cause of the damages alleged (*see, Gayden v City of Rochester,* 148 AD2d 975; *Kaiser v Washburn,* 55 App Div 159; *Townsley v State of New York,* 6 Misc 2d 557; *Gleason v Hillcrest Golf Course,* 148

Misc 246). Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.