■ FREDERICK DONO, Appellant, v BAR BIZ RESTAURANT & EQUIPMENT CORP., Respondent. [739 NYS2d 273] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated March 28, 2001, which granted the defendant's motion for leave to make a late motion for summary judgment and, upon granting such leave, granted summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The Supreme Court improvidently exercised its discretion in allowing the defendant to move for summary judgment more than 120 days after the filing of the plaintiff's note of issue. CPLR 3212 (a) requires a motion for summary judgment to be made within 120 days after the filing of a note of issue, except with leave of court on good cause shown. The plaintiff filed his note of issue in November 1999. The defendant's motion for summary judgment was made in January 2001, and without good cause shown (*see, Morhart v City of New York,* 267 AD2d 438; *Scocozza v Tolia,* 262 AD2d 548; *Deinhardt v Vought,* 258 AD2d 432). In any event, the defendant did not make a prima facie showing of its entitlement to summary judgment as a matter of law. Krausman, J.P., McGinity, H. Miller and Adams, JJ., concur.