■ GAYLE F. JACOBSEN, Appellant, v GUILLERMO MORALES et al., Respondents. [751 NYS2d 791] —In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Dutchess County (Dillon, J.), dated February 20, 2002, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2), as limited by her brief, from so much of an order of the same court, dated May 21, 2002, as, upon reargument and renewal, adhered to its original determination.

Ordered that the appeal from the order dated February 20, 2002, is dismissed, as that order was superseded by the order dated May 21, 2002, made upon reargument and renewal; and it is further,

Ordered that upon the appeal from the order dated May 21, 2002, the order dated February 20, 2002, is vacated, the motion for summary judgment is denied, and the complaint is reinstated; and it is further,

Ordered that the appeal from the order dated May 21, 2002, is otherwise dismissed as academic, in light of our vacatur of the order dated February 20, 2002; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendants failed to establish, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The affirmed medical reports, which were based on independent medical examinations performed by an osteopath and a physician, failed to demonstrate that the plaintiff did not sustain a significant limitation of motion in her neck and lumbar spine as a result of the subject accident (*see Mauro v Mearsheimer,* 207 AD2d 872; *Petrone v Thornton,* 166 AD2d 513; *Partlow v Meehan,* 155 AD2d 647). Furthermore, the affirmation and supporting medical reports of the plaintiff's treating physiatrist submitted in opposition to the motion were sufficient to raise a triable issue of fact as to whether the plaintiff sustained a "permanent consequential" or a "significant limitation" of motion in her neck (Insurance Law § 5102 [d]; *see Toure v Avis Rent A Car Sys.,* 98 NY2d 345; *Castellon v Ortez,* 297 AD2d 699). Altman, J.P., S. Miller, McGinity, Schmidt and Rivera, JJ., concur.