◼ Juanita Parker, Respondent, v New York City Transit Authority et al., Appellants. [762 NYS2d 502] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated January 28, 2002, as, upon granting leave to the defendant New York City Transit Authority to file a late motion for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), denied the motion.

Ordered that the appeals by the defendants Ernest Walker and Jessie Walker are dismissed, as those defendants are not aggrieved by the portion of the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant New York City Transit Authority, with costs.

CPLR 3212 (a) provides that a summary judgment motion must be made within 120 days after the filing of the note of issue, except with leave of court on good cause shown (see CPLR

3212 [a]; *Morhart v City of New York,* 267 AD2d 438 [1999]; *Scocozza v Tolia,* 262 AD2d 548 [1999]; *Olzaski v Locust Val. Cent. School Dist.,* 256 AD2d 320 [1998]). The plaintiff correctly contends that the Supreme Court improvidently exercised its discretion in granting leave to the defendant New York City Transit Authority (hereinafter the Transit Authority) to file a late motion for summary judgment, since the motion was made nine months after the note of issue had been filed and no good cause was offered for the delay (*see Morhart v City of New York, supra; Scocozza v Tolia, supra; Olzaski v Locust Val. Cent. School Dist., supra; Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539 [1983]).

In any event, the Supreme Court properly denied the motion for summary judgment since the Transit Authority failed to demonstrate its prima facie entitlement to judgment as a matter of law. The affirmed medical reports that the Transit Authority submitted in support of the motion failed to establish that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Jacobsen v Morales,* 300 AD2d 631 [2002]; *Mauro v Mearsheimer,* 207 AD2d 872 [1994]). Ritter, J.P., Feuerstein, McGinity, Townes and Cozier, JJ., concur.