■ Jean Clermont et al., Appellants, v Hillsdale Industries, Inc., Defendant and Third-Party Plaintiff-Respondent. East Ramapo Central School District, Third-Party Defendant. [773 NYS2d 901]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Rockland County (Weiner, J.), dated June 10, 2002, which granted the motion of defendant Hillsdale Industries, Inc., for summary judgment dismissing the complaint insofar as asserted against it individually, and (2), by permission, from an order of the same court dated April 22, 2003, which, upon, in effect, converting the motion in limine of the defendant Hillsdale Industries, Inc., to a motion for summary judgment dismissing the complaint insofar as asserted against it as successor-in-interest to The Pam Company, granted the motion.

Ordered that the appeal from the order dated June 10, 2002, is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]), without costs or disbursements; and it is further,

Ordered that the order dated April 22, 2003, is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the defendant Hillsdale Industries, Inc., as successor-in-interest to The Pam Company.

The plaintiff Jean Clermont allegedly was injured when he fell through a defective skylight. As a result of the accident, the plaintiffs commenced this personal injury action against the defendant Hillsdale Industries, Inc. (hereinafter Hillsdale), individually and as successor-in-interest to The Pam Company, as the alleged manufacturer of the skylight. After jury selection, Hillsdale submitted a motion in limine, inter alia, to dismiss the complaint on the ground that it was not a successor to The Pam Company. It is undisputed that this motion, which the Supreme Court treated as a motion for summary judgment, was made after the deadline set by the court and more than 120 days after the filing of the plaintiffs' note of issue (*see* CPLR 3212 [a]). In its decision granting Hillsdale's motion, the Supreme Court invited it to move for summary judgment within 30 days dismissing the complaint against Hillsdale individually. Hillsdale made the motion over three months later for summary judgment dismissing the complaint against it individually. The plaintiffs in their brief on appeal make no argument addressed to this dismissal.

It was improper for the Supreme Court, in effect, to convert Hillsdale's motion in limine into one for summary judgment dismissing the complaint insofar as asserted against it as a successor-in-interest to The Pam Company (*see Rivera v City of New York,* 306 AD2d 456, 457 [2003]). A "motion in limine [is] an inappropriate device to obtain relief in the nature of partial summary judgment" (*Downtown Art Co. v Zimmerman,* 232 AD2d 270 [1996]; *see Rondout Elec. v Dover Union Free School*

*Dist.*, 304 AD2d 808, 811 [2003]; *Marshall v 130 N. Bedford Rd. Mount Kisco Corp.*, 277 AD2d 432 [2000]).

Moreover, the Supreme Court improvidently exercised its discretion in considering this late motion that it treated as a motion for summary judgment where no good cause for the delay was offered and the plaintiffs suffered prejudice (*see Parker v New York City Tr. Auth.*, 307 AD2d 285, 286 [2003]; *Rivera v City of New York, supra; Dono v Bar Biz Rest. & Equip. Corp.*, 292 AD2d 494 [2002]; *Marshall v 130 N. Bedford Rd. Mount Kisco Corp., supra; Welch v City of Glen Cove*, 273 AD2d 302 [2000]; *Morhart v City of New York*, 267 AD2d 438 [1999]; *Johnson v Town of Fishkill*, 262 AD2d 532, 533 [1999]; *Deinhardt v Vought*, 258 AD2d 432, 433 [1999]).

In light of our determination, we do not reach the parties' contentions on the merits of the motion. Prudenti, P.J., Smith, Goldstein and Crane, JJ., concur.