**Richard SCOTT, Plaintiff,**

v.

**FRUEHAUF CORP. and Redco Corp., Defendants.**

**Civ. No. 83–3338.**

United States District Court, S.D. Illinois.

Jan. 16, 1985.

Kevin Boyne, James J. Gomric, P.C., Belleville, Ill., for plaintiff.

Carl W. Lee, Gundlach, Lee, Eggmann, Boyle & Roessler, Belleville, Ill., John C. McMullin, St. Louis, Mo., Geoffrey R. Myers, Hall, Myers & Rose, Potomac, Md., for defendants.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court are Defendant Redco's Motion for Summary Judgment (Document No. 41); Defendant Fruehauf Corporation's Motion for Summary Judgment (Document No. 51) and Motion to Dismiss Counts III and IV (Document No. 33); and Plaintiff Scott's Motion to Extend Time (Document No. 44). This action resulted from an injury sustained by the plaintiff while working on a tire rim allegedly manufactured by Redco and sold by Fruehauf. The bases for defendants' motions for summary judgment are that the plaintiff has been unable to produce the tire rim in question and that the type of rim the plaintiff alleges hit him was never manufactured by Redco or sold by Fruehauf.

■■■ Summary judgment is appropriate only where the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56. The party moving for summary judgment has the burden of establishing the lack of a genuine issue of material fact. *Korf v. Ball State University*, 726 F.2d 1222, 1226 (7th Cir.1984). The Court must view the evidence, and the reasonable inferences to be drawn therefrom, in the light most favorable to the party opposing summary judgment. Where the moving party fails to meet its strict burden of proof, summary judgment cannot be entered even if the opposing party fails to respond to the motion. *Yoker v. Pittsburg Corning Corp.*, 733 F.2d 1215 (7th Cir.1984).

■■■ Where the moving party has met its initial burden and the opposing party asserts the existence of a question of fact, the Seventh Circuit has identified two considerations to be used in determining whether summary judgment is proper. The Court must determine whether the non-moving party has established that there is a genuine issue as to that fact.

> To create a question of fact, an adverse party responding to a properly made and supported summary judgment motion must set forth specific facts showing that there is a genuine issue for trial.... A party may not rest on mere allegations or denials of his pleadings; similarly, a bare contention that an issue of fact exists is insufficient to raise a factual issue.

*Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied,* — U.S. —, 104

S.Ct. 392, 78 L.Ed.2d 336 (1983). Furthermore, the disputed fact must be material, that is, it must be outcome-determinative under the applicable law. *Egger v. Phillips,* 710 F.2d 292, 296 (7th Cir.) (en banc), *cert. denied,* —— U.S. ——, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983).

■ Applying these principles to the case at hand, the Court finds that there is no issue of material fact and the defendants are entitled to judgment as a matter of law. The plaintiff indicated in his deposition that the rim he was working on when the accident occurred, and which allegedly caused the injury, was a three-piece rim assembly. (Scott's Deposition at Page 17). The uncontroverted affidavit of James Sechrist, President of Redco, indicates that Redco has never produced a three-piece rim assembly. Further, the uncontroverted affidavit of Thomas R. MacDougall, assistant general counsel for Fruehauf, indicates that Fruehauf never sold or distributed the type of rim that the plaintiff alleges injured him. Finding these facts to be true, the Court holds that based on the theory espoused in the plaintiff's complaint there exists no issue of material fact and that the defendants are entitled to judgment as a matter of law.

■ Alternatively, assuming that the rim in question was manufactured by Redco and distributed by Fruehauf, summary judgment for the defendants would still be proper since the plaintiff has been unable to find or otherwise produce the rim in question. The day after the accident, plaintiff's counsel of record and an investigator photographed what they believed to be the rim in question. (Seper Deposition Pages 5–6). This rim is no longer available, was unretrievably lost before this suit was filed, has never been examined by a qualified expert, and was never made available to either defendant. (Enlow Deposition Page 15, Fehrenbacher Deposition Page 19). Again, these facts are uncontroverted by the plaintiff. ·

In *Shramek v. General Motors Corp.,* 61 Ill.App.2d 72, 216 N.E.2d 244 (1966), the court held that summary judgment for the defendants was proper where the plaintiff was unable to produce the tire in question, since without the tire the plaintiff would be unable to establish any causal relationship. The Court stated:

> On such a record, a jury would have no basis to determine whether the tire was defective when it left defendants' control and whether that defect ultimately caused plaintiff's injuries. Under such circumstances, it is manifest that plaintiff did not raise genuine issues of fact as to these material elements of his case.

216 N.E.2d at 248.

The plaintiff herein argues that unlike the situation in *Shramek* where the court was persuaded by the fact that conditions other than a defect in the tire could have caused the injuries, here only a defect in the rim could have caused the injuries. The Court disagrees. Robert F. Harold, an expert in the field, indicated in his affidavit that there exist a number of other potential causes for multipiece rim separation. (Harold's Affidavit Page 7). The plaintiff contests this statement by stating that in his deposition he indicated that he made a thorough inspection of the rim prior to working on it and that he worked on the rim in the proper manner. This the plaintiff argues refutes any of the possibilities Mr. Harold mentions and creates a material issue of fact as to causation justifying a denial of the motions for summary judgment. However, as the court in *Shramek* noted, the very fact that other factors could have caused the injury warranted granting of summary judgment motions since without the alleged defective product the plaintiff could never prove up his case. Similarly, without the rim, the plaintiff herein would never be able to prove the essential elements of his case.

Accordingly, the Court GRANTS Redco's Motion for Summary Judgment (Document No. 41) and Fruehauf's Motion for Summary Judgment (Document No. 51). Based on this, the Court DENIES as MOOT Fruehauf's Motion to Dismiss (Document No. 33) and plaintiff's Motion to Extend Time (Document No. 44). Further, Defendant

Fruehauf's counterclaim against Defendant Redco sounding in indemnity and contribution is DISMISSED AS MOOT. The Clerk is ORDERED to enter judgment in favor of Defendants Redco and Fruehauf and against Plaintiff Scott.

IT IS SO ORDERED.