GAIL BURNS, Plaintiff-Appellant, v. ADDISON GOLF CLUB, INC., Defendant-Appellee.

Second District   No. 2—87—0165

Opinion filed September 29, 1987.

Philip J. Ryan, of Ryan & Viglione, of Waukegan, for appellant.

Francis A. Spina, Brian P. Shaughnessy, and Thomas K. Hanekamp, all of Tressler, Soderstrom, Maloney & Priess, of Wheaton, for appellee.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Gail Burns, appeals from a summary judgment entered for defendant, Addison Golf Club, Inc., in an action in which plaintiff sought the recovery of damages for injuries sustained when she tripped on the exposed root of a tree on defendant's property. Plaintiff contends: (1) that the defendant failed to carry its burden of proof that the tree root was in a natural condition at the time of the injury, leaving a disputed issue of fact; and (2) that the trial court erred in finding, as a matter of law, that defendant owed no duty of reasonable care to plaintiff to warn or protect her from the natural condition of the tree root on defendant's golf course.

In her complaint, plaintiff alleged that on June 2, 1984, while playing golf on defendant's premises, she walked on a well-traveled path from the fourth green to the fifth tee and that her spiked golf shoe caught against the exposed root of a tree, causing her to fall and injure her foot. The complaint alleged that defendant was negligent in permitting the tree roots to remain exposed, by failing to remove or cover them and to level out the rough and uneven terrain, and by neglecting to provide barriers or warning signs near the tree. Plaintiff further alleged that as a proximate cause of defendant's negligence she sustained injury for which she was entitled to damages.

Defendant's motion for summary judgment essentially asserted that it owed no duty to plaintiff to safeguard her against tripping over the exposed root of a tree which was a natural condition of the golf course

premises. The trial court considered the pleadings, depositions and affidavits submitted by the parties and determined, as a matter of law, that defendant had not breached its duty of care to plaintiff, as the exposed tree root was a natural condition which did not constitute a legal defect or hazard that could support a cause of action for negligence in this case.

Plaintiff contends first that summary judgment was improper on that ground as defendant had failed to establish that the exposed root was a natural condition, thus raising a disputed question of fact and making summary judgment inappropriate. Plaintiff argues that it was defendant's burden to establish that the root was in a natural condition, as it was the moving party for summary judgment. Defendant responds that it was plaintiff's burden to produce a *prima facie* case that defendant owed her a duty of care in answer to defendant's motion for summary judgment.

When a plaintiff appeals from a summary judgment granted to a defendant, the question on review is whether there is a genuine issue as to any material fact. (*Lindenmier v. City of Rockford* (1987), 156 Ill. App. 3d 76, 85, 508 N.E.2d 1201.) Summary judgment is proper only where the indisputed evidence, when construed most strongly against the moving party, establishes that he is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c); *Lindenmier v. City of Rockford* (1987), 156 Ill. App. 3d 76, 85, 508 N.E.2d 1201.) Although plaintiff, as the party opposing summary judgment, is not required to prove her case at this stage, she must provide a factual basis under which she would be entitled to judgment. (*Carter v. Dunlop* (1985), 138 Ill. App. 3d 58, 69, 484 N.E.2d 1273.) On a defendant's motion for summary judgment, plaintiff has an affirmative duty to bring forth facts and evidence of a cognizable cause of action. 138 Ill. App. 3d 58, 69, 484 N.E.2d 1273.

Under the circumstances of this case, we conclude that to avoid summary judgment plaintiff was required to show that she was injured as a result of an unnatural condition of defendant's premises. (See *McCann v. Bethesda Hospital* (1979), 80 Ill. App. 3d 544, 551, 400 N.E.2d 16.) While plaintiff argues that in viewing the evidence in the light most favorable to her, whether the protruding tree root upon which she tripped was a natural or unnatural condition is a question for the trier of fact, we do not agree.

Alan Caskey, Ph.D., a person familiar with the design, construction, maintenance, and operation of golf courses, at plaintiff's request, viewed photographs of the tree in question and submitted an affidavit in these proceedings. Caskey stated that "the roots of a silver maple tree have a tendency to surface during drought conditions" and that "the

conditions of the roots as shown in [the photographs] would require months of drought and foot traffic." No other evidence was offered by plaintiff suggesting that the condition of the tree root upon which plaintiff tripped was in an unnatural condition at that time. Uncontradicted facts contained in an affidavit must be taken as true for the purpose of a motion for summary judgment. (*Beals v. Huffman* (1986), 146 Ill. App. 3d 30, 39, 496 N.E.2d 281, *appeal denied* (1986), 113 Ill. 2d 557.) The fact that foot traffic by plaintiff and other users of the golf course may have contributed to the exposure of the roots of the tree does not conflict with our conclusion that no material issue of fact remained as to the natural condition of the place of plaintiff's injury. See *Spirn v. Joseph* (1986), 144 Ill. App. 3d 127, 129-30, 493 N.E.2d 1197; *Lohan v. Walgreens Co.* (1986), 140 Ill. App. 3d 171, 173, 488 N.E.2d 679; *Stiles v. Panorama Lanes, Inc.* (1982), 107 Ill. App. 3d 896, 899, 438 N.E.2d 241.

▆ Plaintiff next contends that the trial court erred in determining as a matter of law that the tree roots did not constitute a legal defect or hazard which could sustain a cause of action for negligence.

We note initially that the occurrence upon which plaintiff's purported cause of action is based occurred prior to the September 12, 1984, effective date of the Premises Liability Act (Ill. Rev. Stat. 1985, ch. 80, par. 301 *et seq.*) and it is not applicable here. (*Zimring v. Wendrow* (1985), 137 Ill. App. 3d 847, 485 N.E.2d 478.) The common law duty of care to be considered provides that the owner of business premises has a duty to his invitees to exercise ordinary care in the use and maintenance of his property and to warn of dangerous latent conditions. *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 329, 383 N.E.2d 177; *Duffy v. Midlothian Country Club* (1980), 92 Ill. App. 3d 193, 415 N.E.2d 1099.)

▆ It has been held that where a tree and its roots did not of itself create an unreasonable risk of harm and defendant did nothing to maintain the tree and roots so as to create an unreasonable risk of harm, defendant owed no duty to the plaintiff who was injured when she fell against the tree. (*Warchol v. City of Chicago* (1979), 75 Ill. App. 3d 289, 297, 393 N.E.2d 725.) We consider that the circumstances presented in this case are akin to those where a person slips on ice, snow, or water. The law is well settled in Illinois that no liability is incurred for injuries resulting from a fall on snow or ice which has accumulated as a consequence of natural causes where the accumulation or condition is not aggravated by the owner of the premises. (*Lohan v. Walgreens Co.* (1986), 140 Ill. App. 3d 171, 173, 488 N.E.2d 679; *Bakeman v. Sears, Roebuck & Co.* (1974), 16 Ill. App. 3d 1065, 1068, 307 N.E.2d 449, *appeal denied* (1974), 56 Ill. 2d 582.) On application of this principle to the present case,

we conclude that defendant is not liable for the condition of exposed roots of a tree on the golf course, a natural condition of the premises. Plaintiff offers cases for the proposition that the owner of land is liable if, in the exercise of reasonable care, he should have discovered a dangerous condition. (*Geraghty v. Burr Oak Lanes, Inc.* (1955), 5 Ill. 2d 153, 125 N.E.2d 47; *Chapman v. Foggy* (1978), 59 Ill. App. 3d 552, 375 N.E.2d 865; *Birchfield v. Wabash-Monroe Garage & Parking Corp.* (1969), 113 Ill. App. 2d 178, 252 N.E.2d 89; *Beccue v. Rockford Park District* (1968), 94 Ill. App. 2d 179, 236 N.E.2d 105.) These decisions are inapposite as each involves an owner's duty to warn an invitee against a hidden danger. Plaintiff does not assert that the tree roots in this case were hidden; in her deposition, plaintiff indicates that she knew the roots were present at the place she walked.

Similarly, plaintiff's reliance on *Chandler v. Larson* (1986), 148 Ill. App. 3d 1032, 500 N.E.2d 584, and *Mahurin v. Lockhart* (1979), 71 Ill. App. 3d 691, 390 N.E.2d 523, is misplaced. While these cases involve injuries caused by a tree, they are distinguishable as they deal with injuries or damages occurring off the defendant's premises. These cases consider that there is a societal interest in avoiding damage to adjoining property, which is viewed as a form of trespass. No such interest applies in the present case.

Plaintiff also cites *Monick v. Town of Greenwich* (1957), 144 Conn. 608, 136 A.2d 501, in support of her argument. In *Monick*, the plaintiff tripped on tree roots located within the limits of a public highway. The court found the defendant to be negligent in allowing the tree to remain when building the public highway, as it interfered with the travel portion of the highway. This case is distinguishable as it involved the aggravation of a natural condition by the defendant which is not asserted in the present case.

Finally, plaintiff urges that we reject the common law distinctions between natural and artificial conditions and adopt ordinary negligence principles to determine a possessor's liability in accord with *Sprecher v. Adamson Cos.* (1981), 30 Cal. 3d 358, 636 P.2d 1121. We decline to do so in light of the well-established tradition in Illinois recognizing the distinction between artificial and natural conditions.

Accordingly, the summary judgment in favor of defendant is affirmed.

Affirmed.

LINDBERG, P.J., and REINHARD, J., concur.