TERRY W. LOY *et al.*, Plaintiffs-Appellants, v. FIRESTONE TIRE & RUBBER COMPANY, Defendant (Armstrong Brothers Tool Company, Defendant-Appellee; John L. Simmons Construction Company, Third-Party Defendant).

Fourth District   No. 4—87—0619

Opinion filed April 21, 1988.—Rehearing denied May 23, 1988.

James Walker, Ltd., of Bloomington, for appellants.

Fred B. Moore, of Livingston, Barger, Brandt & Schroeder, of Bloomington, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

Plaintiffs Terry W. Loy and Paula S. Loy appeal from an order entered June 28, 1987, in the circuit court of McLean County granting summary judgment to defendant Armstrong Brothers Tool Company (Armstrong). On November 5, 1982, plaintiff Terry Loy was employed by John L. Simmons Construction Company and was engaged in the repair of a "Vita Cap" heater at the plant of defendant, the Firestone Tire and Rubber Company. Plaintiff was allegedly injured when a three-quarter-inch ratchet wrench, manufactured by defendant Armstrong, slipped or malfunctioned when plaintiff was attempting to tighten a bolt. Plaintiffs' allegation against Armstrong

was that the ratchet, at the time it left Armstrong's control, was unreasonably dangerous, because its gear mechanism would slip or fail to engage when it was being used to tighten objects. The existence of the defect at the time the product left Armstrong's control was a key element which plaintiff had to prove. *Dunham v. Vaughan & Bushnell Manufacturing Co.* (1969), 42 Ill. 2d 339, 247 N.E.2d 401.

Plaintiffs were not able to produce the ratchet for inspection and claimed they had not retained or employed an expert for the purpose of testifying at trial. In defendant Armstrong's motion for summary judgment, Armstrong maintained plaintiffs could not, in the absence of direct or inferential evidence, prove their case.

The trial court reasoned that, because the allegedly defective product was unavailable for inspection, and plaintiffs had not offered expert opinion that the product was defective, a judgment for plaintiffs could not stand. The court entered a finding pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). Plaintiffs appeal the entry of the summary judgment. We affirm.

■ Section 2—1005(c) of the Code of Civil Procedure states summary judgment must be rendered "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c); *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847.) More specifically, summary judgment is proper only where the evidence, when construed most strongly against the moving party, establishes he is entitled to summary judgment. *Burns v. Addison Golf Club, Inc.* (1987), 161 Ill. App. 3d 127, 129, 514 N.E.2d 68, 70.

■ The court here based its decision that summary judgment was proper on the precedent of *Shramek v. General Motors Corp.* (1966), 69 Ill. App. 2d 72, 216 N.E.2d 244. There, the plaintiff had been injured when the car in which he was riding overturned as a result of a tire blowout. The car was taken to a junkyard, and the tire was not examined to elicit the cause of the blowout nor was it preserved. That plaintiff sued the manufacturer of the tire alleging it was defective.

*Shramek* granted that defendant's motion for summary judgment, noting that, without the tire and without any other evidence as to the cause of the blowout, that plaintiff would not have been able to prove, either directly or inferentially, that the accident resulted from a defective tire. That court said the mere fact of a tire

blowout did not tend to establish the tire was defective, since blowouts can be attributed to a myriad of causes.

Plaintiffs here claim the trial court erred in following *Shramek* and argue Illinois courts have abandoned or rejected its reasoning. However, in those cases, the record contained evidence which would at least create a question of fact as to every element those plaintiffs were required to prove. For example, in *Texaco, Inc. v. McGrew Lumber Co.* (1969), 117 Ill. App. 2d 351, 254 N.E.2d 584, the plaintiff sued the supplier of lumber used in a scaffold, contending the lumber was defective when sold by the dealer. Evidence showed the plank broke, and the plaintiff was injured, but the plank was not available at trial. The appellate court affirmed a judgment for that plaintiff stating *Shramek* was not applicable, because sufficient evidence, including photographs of the broken plank showing knotholes were the cause of the break and expert testimony, substantiated such a determination.

Plaintiffs also cite *Tweedy v. Wright Ford Sales, Inc.* (1975), 31 Ill. App. 3d 72, 334 N.E.2d 417, *aff'd* (1976), 64 Ill. 2d 570, 357 N.E.2d 449, where this court also distinguished *Shramek*. In *Tweedy*, the plaintiff sued, on the basis of a defective product, the manufacturer of an automobile which suffered a brake malfunction resulting in injuries to plaintiff. The car and brake system were available. On appeal from a judgment for the plaintiff, the court concluded cases relating to a tire blowout were not persuasive, since a blowout could result from a number of causes unrelated to a defect. This court found, in that case, " 'reasonable inferences' " could be drawn from established facts, whether the evidence was direct or circumstantial, and the jury could properly have concluded that the failure of the brakes to function properly created an inference that the brakes were defective when the car was sold six months prior to the accident.

The other cases cited by plaintiffs as negating *Shramek* all focus upon the ability of a plaintiff in a defective products case to raise, by circumstantial evidence, a factual question as to the existence of the defect at the time the product left the control of the party to be charged. (*Spotz v. Up-Right, Inc.* (1972), 3 Ill. App. 3d 1065, 280 N.E.2d 23; *Nolan v. Shaf Manufacturing Co.* (1970), 128 Ill. App. 2d 19, 261 N.E.2d 209.) On the other hand, at least one subsequent appellate court decision relied directly on *Shramek* under evidence much more favorable to a plaintiff than the record showed the evidence to be here. In *Mullen v. General Motors Corp.* (1975), 32 Ill. App. 3d 122, 336 N.E.2d 338, the court reversed a judgment on a ju-

ry's verdict against a manufacturer of a tire which had a blowout resulting in an accident. The court found the existence of an unreasonably dangerous condition at the time the tire left the manufacturer's control could not be inferred from the single fact that a tire had a blowout several years later. There the tire was available and was examined by an expert, who testified that, in his opinion, the blowout resulted from a defect. The appellate court found his testimony to be incomplete and misleading, however, and found the evidence conclusively supported defendant's theory that the tire failed from extrinsic causes, including wear.

We note the Federal court in Illinois has also cited *Shramek* in allowing summary judgment in a defective products case. In *Scott v. Fruehauf Corp.* (S.D. Ill. 1985), 602 F. Supp. 207, the plaintiff had been repairing a tire rim and was injured when the three-piece rim separated. The plaintiff was unable to produce the rim, and defendants moved for summary judgment. There was expert evidence available that a number of potential causes existed for multipiece rim separation. The court concluded, as did the *Shramek* court, that plaintiff could never prove his case without the alleged defective product. The court noted that the very fact that conditions other than a defect could have caused the injury warranted granting summary judgment.

Here, not only was the allegedly defective product unavailable, Armstrong presented undisputed evidence which would negate an inference that the ratchet was defective at the time it left Armstrong's possession even if it had been defective at the time of the accident. Plaintiff Terry W. Loy testified in a deposition (1) the wrench was covered with rust, and (2) it had a "slight bend" in the handle, as if "the handle had been used for a pry bar." This evidence would tend to indicate the wrench had been used for a substantial period of time and the wrench had been used in ways whereby the ratchet could have been damaged. In *Livingston Service Co. v. Big Wheels, Inc.* (1981), 96 Ill. App. 3d 591, 421 N.E.2d 1042, we distinguished *Tweedy* and held that a plaintiff failed as a matter of law to prove a defect in a product, inferentially causing a fire, existed at the time the product left the manufacturer by merely showing the absence of abnormal use of the product. Here, the evidence of the bend in the handle would actually indicate an abnormal use.

■ Plaintiffs contend the theory of *Shramek* and that of our decision here put a burden on a plaintiff respondent to a defense motion for summary judgment which is not intended by section 2—1005(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c)). They contend the burden is on the movant for a

summary judgment to show entitlement, and the respondent to the motion has no burden to proceed until the movant has come forward with a showing of facts which negate the respondent's position. Such cases as *Burns v. Addison Golf Club, Inc.* (1987), 161 Ill. App. 3d 127, 514 N.E.2d 68, and *Carter v. Dunlop* (1985), 138 Ill. App. 3d 58, 484 N.E.2d 1273, have indicated when a defendant makes such a motion, the plaintiff has an affirmative duty to bring forth facts which set forth a cause of action. We need not decide whether a burden of going forward shifts so soon, because, as we have stated, here Armstrong produced uncontradicted evidence that (1) the wrench would not be available for the jury to view or for an expert to examine as the basis for an opinion that the defect was likely to have existed at the time the wrench left Armstrong's hands; and (2) the situation was not such that any defect existing at the time of the accident would likely have existed when the wrench left Armstrong's possession. Clearly, in this posture, plaintiffs were required to come forward with some evidence which would create a question of fact as to the condition of the wrench when it left Armstrong's control.

Accordingly, we affirm.

Affirmed.

LUND and SPITZ, JJ., concur.