ANGELA EDWARDS, a Minor by David Edwards, her Father and Next Friend, *et al.*, Plaintiffs, v. MIKE STAUFFER *et al.*, Defendants and Third–Party Plaintiffs-Appellants (Gary R. Merriam, Third–Party Defendant-Appellee).

Fourth District No. 4—87—0898

Opinion filed June 16, 1988.—Rehearing denied August 8, 1988.

G. Michael Prall, of Chesley, Wilson & Prall, of Bloomington, for appellants.

Costigan & Wollrab, P.C., of Bloomington, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:
This action was brought in the circuit court of McLean County by the minor plaintiffs Angela Edwards and Aric Elkin against defendants and third-party plaintiffs Mike Stauffer and Raymond Stauffer for damages caused by the alleged negligence of the Stauffers. The Stauffers filed a claim for contribution against the third-party defendant Gary Merriam. On October 22, 1987, the trial court entered an order granting third-party defendant's motion for summary judgment. The order contained a finding pursuant to Supreme Court Rule 304(a) (107

Ill. 2d R. 304(a)). The third-party plaintiffs appeal from that order. We reverse.

The plaintiffs' complaint alleged, *inter alia*: (1) on May 25, 1986, they were passengers in a motorboat owned and being operated by (third-party defendant) Gary Merriam; (2) at that time, defendant Raymond Stauffer was operating another motorboat and defendant Mike Stauffer was using a parasail behind the boat; (3) defendant Raymond Stauffer committed one or more negligent acts in the operation of the boat; and (4) defendant Mike Stauffer, while using the parasail, fell into the boat in which plaintiffs were riding and injured them.

The third-party complaint for contribution alleged: (1) at the time plaintiffs were injured, Merriam (a) failed to keep his motorboat under proper control, (b) failed to keep a lookout for other people, boats, and watercraft in the area, (c) failed to reduce speed or take proper evasive action to avoid a collision, and (d) failed to warn his passengers of impending danger after he had knowledge of it; and (2) as a result of Merriam's negligence, Merriam contributed in whole or in part to the injuries and damages claimed by plaintiffs.

In granting the motion for summary judgment, the trial court considered the pleadings and the deposition testimony of Raymond and Mike Stauffer. Mike Stauffer indicated he had used a parachute or parasail approximately six times prior to the collision, and his only instruction in the use of the parachute had come from a "jump master" who had sold the device to Stauffer and instructed him at the time of the sale in his basement. Stauffer testified that at the time of the incident (1) the approximate speed of both the towboat and Merriam's boat was between 5 and 10 miles per hour; (2) the wind was between 5 and 15 miles per hour; and (3) he was approximately 30 or 40 feet in the air, when he started to come down. He said the reason he started to come down was that a third, unknown boat had crossed in front of the Stauffers' boat causing the Stauffers' boat to stop. He further indicated the entire accident took place within a matter of 30 to 60 seconds.

Mike Stauffer said when he first realized he was going down: (1) he was approximately 60 feet from Merriam's boat; (2) he was descending at an angle of 30 to 40 degrees; (3) the Stauffer boat and the Merriam boat were proceeding in opposite directions, with the Merriam boat to the right of the Stauffer boat; (4) the Merriam boat was heading toward shore; (5) the wind had caused the parachute to drift slightly to the right; (6) he grabbed the risers (to which the parachute was attached), pulled himself up as high as he could, and put his feet in the air in the hope he would go over the top of Merriam's boat; and (7) he

yelled to "look out" and to "move." He said he did everything he could to avoid hitting the boat, but Merriam did not reduce his speed or take evasive action to avoid the collision. He further indicated there is no way to steer a parasail. Raymond Stauffer testified that, prior to the accident, another boat had cut in front of his boat, causing Raymond to shut the power down. He said he did not see the collision.

The trial court, in granting summary judgment in favor of the third-party defendant, indicated (1) the uncontradicted evidence showed that defendant Mike Stauffer lost his momentum while parasailing and fell onto plaintiffs, who were riding in a boat operated by third-party defendant Merriam; (2) other than statements by Mike Stauffer that Merriam failed to change speed or direction to avoid a collision, there was no evidence that Merriam was doing anything other than operating his boat in a customary and proper manner; (3) there was nothing in the depositions or evidence to suggest that Merriam either heard or saw or could have heard or seen Mike Stauffer falling from the sky towards his boat; (4) the court considered it a matter of common sense and everyday experience that persons generally do not drop from the sky onto boats motoring in a lake; (5) there was no evidence to indicate that if Merriam had seen or heard Mike Stauffer, he could have avoided the accident; and (6) it strains common sense to assume that Merriam would continue on a path which he knew would lead him to collide with Mike Stauffer.

■■ Section 2—1005(c) of the Code of Civil Procedure states summary judgment must be rendered "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).

■ The third-party action turns upon the question of whether, at the time Mike Stauffer descended towards Merriam's motorboat, Merriam's acts of commission or omission met the standards of care which would be exercised by a person of ordinary prudence in similar circumstances. (*Borus v. Yellow Cab Co.* (1977), 52 Ill. App. 3d 194, 367 N.E.2d 277.) Although courts have generally recognized that an actor who is confronted with an emergency is not held to the standard of conduct normally applied to one who is not in such a situation, there are a number of limitations to the "emergency" rule. As stated in Prosser and Keeton on Torts:

> "[The rule] does not mean that any different standard is to be applied in the emergency. The conduct required is still that of a reasonable person under the circumstances, as they would ap-

pear to one who was using proper care, and the emergency is to be considered only as one of the circumstances. An objective standard must still be applied, and the actor's own judgment or impulse is still not the sole criterion. The actor may still be found to be negligent if, notwithstanding the emergency, his acts are found to be unreasonable. The 'emergency doctrine' is applied only where the situation which arises is sudden and unexpected, and such as to deprive the actor of reasonable opportunity for deliberation and considered decision." W. Prosser & R. Keeton, Torts §33, at 196-97 (5th ed. 1984).

Determination of whether Merriam could have been guilty of any negligence is difficult without having his version of the events before us. However, the described testimony of Mike Stauffer would indicate Merriam was likely aware the Stauffer boat was towing a person using a parasail. Although the Merriam boat was on the Stauffer boat's right, they were going in opposite directions and at relatively slow speeds, and Mike Stauffer testified he drifted only slightly to the right before hitting the Merriam boat. Mike testified he did not fall straight down but descended at a 30- to 40-degree angle. Whether Merriam heard or could hear any shouts of warning which Mike Stauffer gave is very uncertain under Mike's testimony. However, had Merriam received warning or should he have been alert to Mike's possible descent onto the boat, the 30 to 60 seconds involved would have given him enough time to have taken some type of evasive action.

Third-party defendant Merriam was the movant seeking summary judgment. The evidence presented must be construed most strongly against him. (See *Burns v. Addison Golf Club, Inc.* (1987), 161 Ill. App. 3d 127, 514 N.E.2d 68.) Based upon the evidence shown, and without countervailing evidence, a trier of fact could have determined: (1) Merriam had sufficient warning, either from seeing the attempt of Mike Stauffer to parasail or from hearing his shouts of warning, to be aware of impending danger; and (2) ordinary prudence would have required Merriam to have taken evasive action. Summary judgment should not have been entered.

For the reasons stated, the decision of the trial court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

LUND and SPITZ, JJ., concur.