IDA WELDON, Plaintiff-Appellant, v. REYNOLDS T. HAWKINS *et al.*, Defendants-Appellees.

First District (3rd Division) No. 1—88—1325

Opinion filed May 3, 1989.—Rehearing denied June 21, 1989.

Sheldon Hodes, of Chicago (Leonard D. Litwin, of counsel), for appellant.

Terrence E. Leonard, Chartered, of Chicago, for appellees.

PRESIDING JUSTICE FREEMAN delivered the opinion of the court:

Plaintiff, Ida Weldon, appeals from the trial court's granting of the motion of defendant Reynolds T. Hawkins[1] for a directed finding and the denial of plaintiff's motion for leave to file an amended complaint in a bench trial. Plaintiff, a tenant of the building on the premises owned by defendant, suffered injuries when she tripped and fell on weeds growing through a concrete sidewalk located near the garage on the premises. Plaintiff asserts that defendant's motion for a directed finding should have been denied since the subject matter of the motion was not pleaded in defendant's answer as an affirmative defense, and since the case law relied on by the trial court does not apply to plaintiff's action. Plaintiff also contends that the trial court abused its discretion in denying her motion for leave to amend her complaint in order to conform the complaint to the proofs.

For the reasons stated below, we reverse the judgment of the circuit court and remand this matter for further proceedings.

At trial, defendant testified that on October 3, 1984, the date

---

[1]Codefendant Marylena Hawkins, who is deceased, was dismissed from the case by the trial court on August 16, 1985.

plaintiff incurred her injury, he owned the premises located at 3559 West Medill in Chicago and owned and controlled the area of the premises near the garage and garbage cans where plaintiff fell. Defendant, who was in charge of maintaining the premises, could not recall the last time he cut down the weeds growing near the garbage cans.

Plaintiff testified that she had been a tenant of defendant for approximately four months prior to her fall. On October 3, 1984, she was taking out her garbage. She was wearing open-toed sandals with a crepe sole. On her second trip down from her third-floor apartment, she carried a box. After placing the box in one of the cans, plaintiff turned and her left foot was caught in the weeds growing at the corner of the garage near the garbage cans. The weeds caught plaintiff's foot and she fell, fracturing her ankle.

At trial plaintiff also called Carmen Ocon to testify. Ocon was a former tenant of defendant who lived on defendant's premises approximately three months before plaintiff's fall. Ocon testified that defendant never cut down the weeds.

Photographs of the area where plaintiff fell were admitted into evidence and are part of the record. The record indicates that the weeds over which plaintiff fell were growing through spaces or cracks between blocks of the concrete walkway that ran alongside the garage on defendant's premises. The garbage cans were located just past the garage on the walkway.

At the close of plaintiff's case, defendant moved for a directed finding. Plaintiff filed a response to defendant's motion and a motion for leave to file an amended complaint to conform to the proofs. In her response to defendant's motion, plaintiff cited section 99—9 of the Chicago Municipal Code (Chicago Municipal Code §99—9 (1984)), which declares weeds a public nuisance and requires an owner of land to cut, pull, or chemically treat weeds growing on the premises.

After a hearing on the motions of the parties, the trial court entered an order granting defendant's motion for directed finding and dismissing plaintiff's complaint with prejudice based upon the holdings in *Burns v. Addison Golf Club, Inc.* (1987), 161 Ill. App. 3d 127, 514 N.E.2d 68, and *Kostecki v. Pavlis* (1986), 140 Ill. App. 3d 176, 488 N.E.2d 644. The court further denied plaintiff's motion for leave to file an amended complaint.

Plaintiff initially contends on appeal that defendant's motion for a directed finding should have been denied because defendant raised for the first time in his motion for directed finding the defense that the weeds are a natural condition on the land which bars plaintiff's recov-

ery. Plaintiff contends that defendant's assertion that the weeds are a natural condition of the land constitutes an affirmative defense, which must be pleaded in an answer or be waived. We note that plaintiff has cited no case law or statutory authority in support of this contention. We find that defendant's failure to make such an assertion in his answer was not in itself fatal to the motion for directed verdict. Since we are reversing this matter on the grounds stated below, however, we will not address further this contention raised by plaintiff.

■ Generally, a landlord has a duty to exercise reasonable care to keep the premises, including common areas used by tenants, in a reasonably safe condition, and he is liable for an injury for failure to perform such a duty. (*Kostecki v. Pavlis* (1986), 140 Ill. App. 3d 176, 488 N.E.2d 644.) In the instant case, defendant moved for a directed finding on the basis that the weeds were in a natural condition on the premises and therefore defendant had no duty to change the condition.

■ Section 2—1110 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1110) provides that in a nonjury case, where the defendant moves for a directed finding at the close of the plaintiff's evidence, the court is to weigh the evidence and determine the credibility of witnesses and the quality of the evidence. The supreme court in *Kokinis v. Kotrich* (1980), 81 Ill. 2d 151, 407 N.E.2d 43, stated that, contrary to the *Pedrick* standard (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504), when a defendant moves for a directed finding in a bench trial, the trial court is not to view the evidence in the light most favorable to the plaintiff. Rather, the court must consider "all of the evidence, including any favorable to the defendant, and is to pass on the credibility of witnesses, draw reasonable inferences from the testimony, and generally consider the weight and the quality of the evidence." (*Kokinis*, 81 Ill. 2d at 154.) The supreme court further explained that the trial judge must first determine whether the plaintiff has established a *prima facie* case by presenting some evidence on every element of his cause of action. If he has not, judgment is appropriate in favor of the defendant. If the plaintiff has made out a *prima facie* case, the trial judge must then weigh the evidence and determine if sufficient evidence remains to support the plaintiff's *prima facie* case after weighing the evidence. (*Kokinis*, 81 Ill. 2d at 154-55.) The decision of the trial court should not be reversed on appeal unless contrary to the manifest weight of the evidence. *Kokinis*, 81 Ill. 2d at 154.

■ In the instant case, the trial court considered, as a matter of law, the question of whether the area of defendant's land where the

weeds were growing was in a natural condition. We find, however, that the issue should have been treated as a question of fact and that the trial court should have allowed evidence to be presented by the parties regarding whether the weeds were in a natural condition. Our review of case law indicates that the burden is on plaintiff to show that the area of the premises containing the weeds was not in a natural condition at the time of the accident. (See *Lohan v. Walgreens Co.* (1986), 140 Ill. App. 3d 171, 488 N.E.2d 679; *McCann v. Bethesda Hospital* (1979), 80 Ill. App. 3d 544, 400 N.E.2d 16; *Bakeman v. Sears, Roebuck & Co.* (1974), 16 Ill. App. 3d 1065, 307 N.E.2d 449.) In the instant case, therefore, plaintiff should have been allowed to present evidence regarding whether the land containing the weeds was in an unnatural condition. Accordingly, we must reverse the trial court's granting of the motion of defendant for a directed finding and remand this matter to the trial court for further proceedings. On remand, after plaintiff is allowed to present evidence, if defendant at that time presents a motion for directed finding, the trial court then has a duty to consider whether the evidence is sufficient to support a *prima facie* case for plaintiff. If sufficient evidence has been presented, then the court must weigh the evidence to determine whether sufficient evidence remains to support plaintiff's *prima facie* case. If sufficient evidence remains, then the court must deny defendant's motion for directed finding. See *Kokinis*, 81 Ill. 2d at 154-55.

Further, we find that *Burns v. Addison Golf Club, Inc.* (1987), 161 Ill. App. 3d 127, 514 N.E.2d 68, relied on by the trial court, actually supports the conclusion reached here that whether the area of the premises containing the weeds was in a natural condition is a factual question. In *Burns*, the appellate court affirmed an order granting summary judgment in favor of the defendant owner of a golf course on which the plaintiff was injured when she tripped and fell over the exposed root of a tree. The plaintiff asserted on appeal that the defendant failed to show that the land with the exposed tree root was in a natural condition at the time of the injury, leaving a disputed factual issue. In addition, the plaintiff asserted that the trial court erred in finding, as a matter of law, that the defendant did not owe the plaintiff a duty of care to warn or protect the plaintiff from the natural condition of the land containing the exposed root.

The appellate court held that the trial court properly granted summary judgment, as there remained no material issue of fact as to the natural condition of the land containing the tree root. The appellate court stated that the evidence failed to show that the plaintiff was injured as a result of an unnatural condition of the defendant's

premises. The appellate court reviewed the evidence presented to the trial court, including an affidavit, submitted by the plaintiff, of Alan Caskey, Ph.D., a person familiar with the design, construction, maintenance, and operation of golf courses, who viewed photographs of the tree over which the plaintiff fell. Caskey's affidavit stated that the roots of the kind of tree involved in the accident tend to surface during drought conditions and that the condition of the tree in question " 'would require months of drought and foot traffic.' " (*Burns*, 161 Ill. App. 3d at 130.) The appellate court stated that the plaintiff failed to present any other evidence to show that the land containing the exposed tree root was in an unnatural condition, and further, that the affidavit failed to conflict with the court's conclusion that no factual issue remained as to the natural condition of the land. Noting that uncontradicted facts in an affidavit must be taken as true for the purpose of a motion for summary judgment, the court upheld the grant of summary judgment for the defendant. *Burns*, 161 Ill. App. 3d at 130.

On the issue of whether the trial court erred in finding, as a matter of law, that the tree roots did not constitute a legal defect to support a negligence action, the appellate court relied on its earlier holding that the exposed roots were a natural condition of the premises. The court then analogized the circumstances of the *Burns* case to those where a person slips on ice, snow, or water. The court cited well-established Illinois law that no liability exists for injuries resulting from a fall on snow or ice which has accumulated from natural causes where the accumulation or condition is not aggravated by the owner of the premises. (*Burns*, 161 Ill. App. 3d at 130.) In the instant case, the trial court must first determine the factual matter of whether the area of the premises containing the weeds was in a natural condition prior to determining whether defendant may ultimately be liable for plaintiff's injuries.

In addition, we agree with plaintiff that *Kostecki v. Pavlis* (1986), 140 Ill. App. 3d 176, 488 N.E.2d 644, also referred to by the trial court in the instant case, is distinguishable and not controlling. In *Kostecki* the appellate court affirmed a summary judgment order granted in favor of the defendant owners of premises on which the plaintiff's minor child was injured when her arm went through a glass door. The court stated that the landlord was not liable for the injuries, which were not reasonably foreseeable, where the plaintiff pleaded no facts indicating that defendants knew or had reason to know the door was defective. (*Kostecki*, 140 Ill. App. 3d at 180.) The issue of constructive knowledge in *Kostecki* is not present in the instant case,

since defendant here does not contest the assertion that he was aware of the weeds.

*Monick v. Town of Greenwich* (1957), 144 Conn. 608, 136 A.2d 501, cited by plaintiff and considered by the trial court, also is distinguishable from the instant case. In *Monick*, the plaintiff sought recovery for injuries suffered when she tripped over the roots of a tree located on a public roadway. The defendant had widened the street along which the tree was growing. In order to avoid destruction of the ancient tree, the defendant relocated the curb so that the area where the tree was standing projected five or six feet into the traveled portion of the highway, into an area where parking of automobiles was allowed.

The trial court held that the plaintiff failed to establish that the roadway was defective. The court found, however, that the evidence was sufficient to show that the condition of the roots constituted a nuisance. The defendant appealed, contending that the trial court erred in reaching its decision on the facts established. The appellate court held that the trial court's conclusion that the condition constituted an intentional nuisance was supported by the evidence. (*Monick*, 144 Conn. at 611, 136 A.2d at 503.) In the instant case, by contrast, there is no allegation of intentional conduct by defendant to change the condition of the land or other conduct or conditions to establish a nuisance. *Monick*, therefore, is not persuasive regarding the instant case.

Plaintiff also contends that section 99—9 of the Municipal Code makes clear that defendant owed a duty to plaintiff to remove the weeds. We will address this issue in view of the likelihood that it would be raised again upon remand of this matter to the trial court. Section 99—9 of the Municipal Code provides:

"All weeds including weeds which due to pollination are a menace to health and weeds otherwise injurious to public health or welfare are hereby declared to be a public nuisance.

It shall be unlawful for any person owning or controlling any plot of ground to permit the growth of such weeds thereon.

All such weeds shall be cut, pulled, destroyed or chemically sprayed with 2,4—D sprays or other equally efficient chemical weed killer by the owner or person in control of said plot of ground at least twice a year, once between May 1 and June 15 and once between July 15 and August 1, of each year.

The failure to destroy such weeds within the designated periods shall constitute a violation of this section.

When the owner or person in control of any plot of ground

fails to destroy or spray weeds growing thereon as provided herein, the city official charged with the enforcement of this section shall destroy the said weeds, and any expense incurred by the city in so doing shall be a charge against the owner so failing, which may be recovered in an appropriate action in law instituted by the corporation counsel." Chicago Municipal Code §99—9 (1984).

■■ ■ We hold that the trial court was correct in finding that the ordinance did not apply to plaintiff's case. As a rule, "courts apply the same rules of construction to municipal ordinances as they do to statutes." (*Village of Schaumburg v. Franberg* (1981), 99 Ill. App. 3d 1, 424 N.E.2d 1239; see also *Kostecki v. Pavlis* (1986), 140 Ill. App. 3d 176, 488 N.E.2d 644.) The language of the ordinance indicates that the legislative intent was to protect the public against the effect of weeds as a result of their pollination. As was noted in the trial court in the instant case, the pollination process of weeds may cause harm to the public who suffer from allergies or other similar ailments. The cited ordinance does not, explicitly or implicitly, indicate that the injuries sustained by plaintiff were contemplated by the legislature. The ordinance provides for spraying of weeds twice yearly, in order to protect the public against the contemplated threat to health due to pollination. The facts of the instant case do not constitute circumstances which the ordinance sought to remedy by the spraying of weeds. The ordinance does not contemplate the kind of injuries suffered by plaintiff here. See *Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 117 N.E.2d 74; *Brunnworth v. Kerens-Donnewald Coal Co.* (1913), 260 Ill. 202, 103 N.E. 178.

Finally, plaintiff contends that the trial court abused its discretion by refusing to allow plaintiff leave to amend her complaint to conform to the proof by pleading a violation of the municipal ordinance (Chicago Municipal Code §99—9 (1984)).

■■ ■ Section 2—616 of the Code of Civil Procedure allows for amendment of pleadings "[a]t any time before final judgment *** on just and reasonable terms." (Ill. Rev. Stat. 1987, ch. 110, par. 2—616.) The courts have set forth a rule providing for the liberal amendment to pleadings. (See *Blazina v. Blazina* (1976), 42 Ill. App. 3d 159, 356 N.E.2d 164.) The granting or denial of a motion to amend pleadings is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. (*Blazina*, 42 Ill. App. 3d at 165.) Once a trial has begun, an amendment ordinarily should not be permitted for matters of which the pleader had full knowledge at the time of filing of the original pleading and no excuse is presented

for omitting the substance of the amendment from the original pleading. (*Bresland v. Ideal Roller & Graphics Co.* (1986), 150 Ill. App. 3d 445, 501 N.E.2d 830.) This is true especially where the amendment is prejudicial or would alter the nature and quality of proof required to defend. (*Bresland,* 150 Ill. App. 3d at 450-51.) The most important consideration in determining whether an amendment should be allowed is whether the amendment will be in furtherance of justice. *Bresland,* 150 Ill. App. 3d at 450.

 We find no abuse of discretion by the trial court in denying plaintiff's motion to amend citing to the ordinance. As stated above, we have held that the trial court properly determined that section 99—9 of the Municipal Code did not apply to plaintiff's action. Substantial justice therefore was not violated by the court's refusal to allow plaintiff to amend her complaint.

For the foregoing reasons, we reverse the judgment of the circuit court and remand this matter for further proceedings.

Judgment reversed and cause remanded.

McNAMARA* and RIZZI, JJ., concur.

---

*Justice McNamara participated in the decision of this case prior to his assignment to the sixth division.