DONALD E. LOHRENZ, Plaintiff-Appellant, v. COUNTRY MUTUAL INSURANCE COMPANY, Defendant-Appellee (Garth Baecker, Defendant).

Third District   No. 3—88—0475

Opinion filed September 19, 1989.

Donald K. Birner, of Pekin, for appellant.

Gary D. Nelson and Timothy D. Seifert, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:

The plaintiff, Donald E. Lohrenz, brought suit against the defendant-appellee, Country Mutual Insurance Company, and its agent, defendant Garth Baecker, based on an insurance policy the plaintiff had with Country Mutual. He now appeals from summary judgment granted in favor of Country Mutual on counts III and IV of his

amended complaint. We note that Baecker is not a party to this appeal, since the dismissal of counts III and IV did not affect the plaintiff's suit against him.

The record shows that the plaintiff purchased a 1984 Chevrolet and asked Baecker to add it to his policy. During the conversation, Baecker asked the plaintiff whether he was familiar with the insurance option known as "Keeper Coverage." The plaintiff responded that he had seen Keeper Coverage advertised on television.

Sometime later, the plaintiff went to Baecker's office to complain about his premiums. Baecker again brought up the availability of the Keeper Coverage option. The plaintiff stated in his deposition that Baecker told him that if for any reason his car was "wrecked" and repairing it would cost more than a new car, he would get a new car. The plaintiff decided to add this coverage to his policy. We note a discrepancy in the record as to when this coverage was purchased. Baecker stated in his deposition that his records showed that the Keeper Coverage was added to the plaintiff's policy on April 17, 1984. The plaintiff believed the coverage was added to his policy between April and August of 1985.

On or about August 26, 1986, the plaintiff's car was destroyed by fire. The insurance adjuster determined that the car was totalled, estimated the plaintiff's loss was $6,500, and tendered that amount to him. The plaintiff stated in his deposition that he did not know that Keeper Coverage did not cover destruction by fire until he reported the loss to Baecker.

The plaintiff filed a complaint against Country Mutual and later in count V of his amended complaint added Baecker as a defendant. In count III of his amended complaint, he alleged that Country Mutual had misrepresented in newspaper and television advertisements and in its newsletters the scope of coverage under the Keeper policy. In addition, the plaintiff alleged that Country Mutual through its agent, Garth Baecker, had purposely failed to inform him that Keeper Coverage did not cover losses by fire, theft, or larceny. The plaintiff alleged that the misrepresentations were made with the intent to deceive and defraud him and that he was fraudulently induced into purchasing Keeper Coverage.

Count IV alleged violations of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1987, ch. 121½, par. 261 *et seq.*), based on the same set of facts alleged in count III. In both counts, the plaintiff asked for a total of $500,000 in actual and punitive damages.

Country Mutual filed a motion for summary judgment on counts

III and IV. Following a hearing, the trial court granted Country Mutual's motion, finding that as a matter of common knowledge the terms "wrecked" and "accident" in the context of auto insurance connoted physical impact between the insured's vehicle and another vehicle or object. The court also found that Country Mutual had set forth evidence of a system designed to inform insureds of the contents of their policies, and that it was therefore incumbent upon the plaintiff to produce affirmative proof of an intent to deceive. Pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)), the trial court found no reason to delay an appeal from its ruling, and the plaintiff brought the instant appeal.

■ A motion for summary judgment should be granted "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1987, ch. 110, par. 2–1005(c).) Although the plaintiff, as the party opposing summary judgment, is not required to prove his case at this stage, he must provide a factual basis under which he would be entitled to judgment, and he has an affirmative duty to bring forth facts and evidence of a cognizable cause of action. *Burns v. Addison Golf Club, Inc.* (1987), 161 Ill. App. 3d 127, 514 N.E.2d 68.

■ ■ The elements of a cause of action for fraudulent misrepresentation are: (1) a false statement of material fact; (2) known or believed to be false by the party making it; (3) an intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damages. (*McCarter v. State Farm Mutual Automobile Insurance Co.* (1985), 130 Ill. App. 3d 97, 473 N.E.2d 1015.) Punitive damages can be awarded against a master or other principal based on the acts of an agent only if the principal authorized the doing and manner of the act, or the agent was employed in a managerial capacity and was acting within the scope of his employment, or the principal or managerial agent of the principal ratified or approved the act. *Mattyasovszky v. West Towns Bus Co.* (1975), 61 Ill. 2d 31, 330 N.E.2d 509.

■ Initially, we note that the plaintiff's allegations that he was induced by Country Mutual's newspaper advertisements and newsletters to purchase Keeper Coverage have no factual support in the record. The plaintiff took out this coverage in 1984 or 1985. The newspaper ads and newsletter cited in the plaintiff's complaint date from 1986. This was after he took out the coverage. In addition, while the plaintiff said in his deposition that he had seen television commercials

advertising Keeper Coverage, he also admitted that this was not the reason he went to Baecker's office on the day he decided to purchase the additional coverage. He went there to complain about his premiums. Accordingly, we find that the plaintiff failed to present facts to support this portion of his allegations, and therefore there was no genuine issue of material fact regarding inducement through false advertising.

■ The plaintiff also failed to produce any facts supporting the alleged intent of Country Mutual to defraud him. Country Mutual produced extensive evidence of a system by which policyholders received information on the extent and limitations of their coverage. Country Mutual also produced evidence of a letter mailed in June of 1984 to all of its insureds explaining Keeper Coverage. The plaintiff simply denied ever receiving these materials. Evidence of such an extensive system set up to inform policyholders of the extent of their coverage, without specific contrary evidence by the plaintiff, negated any possible inference of an intent to defraud on the part of Country Mutual. Under these circumstances, the plaintiff's mere claim that he had not received the information was not sufficient to demonstrate an intent to deceive or defraud.

Additionally, the plaintiff's claim of misrepresentation by Baecker does not present sufficient facts to arguably demonstrate an intent to deceive or defraud on the part of Country Mutual. An insured is charged with notice of the contents and scope of his insurance policy, regardless of any failure to read the policy. (*Dobosz v. State Farm Fire & Casualty Co.* (1983), 120 Ill. App. 3d 674, 458 N.E.2d 611.) We find this especially true where as in this case the insurer maintains an extensive system to inform the insured. Further, the plaintiff failed to plead or present facts sufficient to justify punitive damages under the standard set forth in *Mattyasovszky v. West Towns Bus Co.* (1975), 61 Ill. 2d 31, 330 N.E.2d 509.

For the foregoing reasons, we find that the trial court properly granted Country Mutual's motion for summary judgment.

The judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

HEIPLE and SCOTT, JJ., concur.