FRANCIS KIELBASA, Plaintiff-Appellant, v. ST. MARY OF NAZARETH HOSPITAL *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—89—0692

Opinion filed January 25, 1991.—Rehearing denied March 14, 1991.

Heller & Richmond, Ltd., of Chicago (Todd A. Heller, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Steven R. Swofford, Clare E. Connor, and Kathryn A. Spalding, of counsel), for appellees St. Mary of Nazareth Hospital, Luis Gonzalez, B. Chmiel, and Jozek Wilk.

Robert L. Nora and Kathy K. Loft, both of Johnson, Cusack & Bell, Ltd., of Chicago (Thomas H. Fegan, of counsel), for appellees Yammanuru Ramulu and Community Radiology, Ltd.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Francis Kielbasa, appeals from the entry of summary judgment pursuant to section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005) in favor of defendants, St. Mary of Nazareth Hospital (St. Mary), Luis Gonzalez, M.D., B. Chmiel, M.D., Jozek Wilk, M.D., Community Radiology, Ltd., and Yammanuru Ramulu, M.D. We consider whether summary judgment in defendants' favor was proper when (1) plaintiff lost X rays which he alleged defendants negligently interpreted and (2) plaintiff did not present expert testimony to

support the allegations of his complaint. For the following reasons, we reverse and remand.

Plaintiff filed a medical malpractice complaint, as amended, alleging that on September 25, 1982, he was examined by Drs. Gonzalez, Chmiel, and Wilk in the emergency room of St. Mary. They ordered X rays of plaintiff's left shoulder which were taken by Dr. Ramulu of Community Radiology. Plaintiff alleged that Drs. Gonzalez, Chmiel, Wilk, and Ramulu interpreted the X rays as not revealing any dislocation and that Drs. Gonzalez, Chmiel, and Wilk released plaintiff without treatment for his shoulder. After returning from vacation, plaintiff was examined on October 12, 1982, by his own doctor, Dr. Steven Gitelis, who diagnosed a dislocated left shoulder which required surgery.

Plaintiff alleged that St. Mary was negligent when it failed to provide competent personnel, failed to properly interpret the X rays, discharged plaintiff when he needed medical attention, and failed to promulgate regulations concerning the interpretation of X rays. Plaintiff alleged that Drs. Gonzalez, Chmiel, and Wilk were negligent when they did not properly interpret the X rays, failed to perform other tests, and discharged plaintiff when he needed medical attention. Plaintiff alleged that Dr. Ramulu and Community Radiology were negligent when they improperly took and interpreted the X rays.

Drs. Gonzalez, Chmiel, and Wilk answered the complaint admitting they were employees of St. Mary and denying they were negligent. Dr. Ramulu and Community Radiology, in their answer, admitted treating plaintiff but denied they were negligent. St. Mary's answer is not in the record on appeal.

St. Mary requested plaintiff to produce, among other items, the X rays taken at St. Mary and to identify expert witnesses expected to testify at trial. Plaintiff did not respond to the requests although he was ordered to comply with outstanding discovery.

St. Mary moved for summary judgment arguing that it could not be held liable for the alleged negligent actions of Dr. Ramulu and Community Radiology, who interpreted the X rays, because they were independent contractors. St. Mary also argued that because plaintiff could not produce the X rays taken at St. Mary, an evidentiary presumption arose for the trier of fact that the X rays were unfavorable to plaintiff's case which entitled St. Mary to summary judgment.

St. Mary supported its motion with the affidavit of Patrick Bira, who was its assistant to the president and risk manager. Bira stated that Community Radiology and its doctors staffed the department of radiology but they were not employed by St. Mary. Dr. Ramulu was an employee of Community Radiology. Because plaintiff was treated at St. Mary when

Community Radiology did not have doctors scheduled, Dr. Ramulu read and interpreted plaintiff's X rays the following day after plaintiff was released. Further, Bira stated that no one employed by St. Mary diagnosed plaintiff's condition based on the X rays. In addition to Bira's affidavit, St. Mary relied on its answer, Dr. Ramulu's deposition, a release plaintiff signed to obtain the X rays from St. Mary, and a letter; however, these documents were not included in the record on appeal.

The other defendants adopted St. Mary's motion for summary judgment.

In opposition to the motion, plaintiff relied on testimony from his deposition and that of his treating doctor, Dr. Gitelis. Plaintiff testified that prior to his initial examination with Dr. Gitelis, he obtained the X rays from St. Mary and later brought them to Dr. Gitelis' office for his appointment. That was the last time he saw the X rays. Dr. Gitelis testified that he did not recall seeing plaintiff's X rays from St. Mary although it was his practice to request patients to bring their X rays to his office.

At Dr. Gitelis' deposition, plaintiff's attorney stated on the record that the doctor was not presented as plaintiff's expert witness but rather as his treating doctor. Dr. Gitelis testified that he did know the standard of care for emergency room doctors and that he was not rendering an opinion as to the emergency room care given by Drs. Gonzalez, Chmiel, and Wilk at St. Mary. He further testified that he did not know the standard of care for radiologists and he did not have an opinion as to the care given by Dr. Ramulu of Community Radiology.

Gitelis testified that the X rays he took of plaintiff's shoulder, taken approximately two weeks after plaintiff was examined at St. Mary, showed it was dislocated. He could not determine from those X rays when the shoulder was dislocated; however, in his opinion it was dislocated at the time plaintiff was examined at St. Mary. Dr. Gitelis also testified that it could have been dislocated one or two days later.

In Dr. Gitelis' opinion, if an axillary lateral X-ray view of plaintiff's shoulder was taken at St. Mary, it would have been identical to the one taken two weeks later by his office. Further, the dislocation would have been apparent on the X ray and the failure to diagnose it from the X ray was a deviation of the standard of care for any doctor. However, Dr. Gitelis did not know whether an axillary lateral view was taken at St. Mary and did not know whether a failure to take that view was a breach of the applicable standard of care.

The trial judge granted defendants' motion for summary judgment, finding that without the X rays from St. Mary, plaintiff could not

present expert testimony to support his allegations of medical malpractice. Plaintiff filed a timely notice of appeal.

OPINION

■ Summary judgment should be granted if the pleadings, depositions, and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).) The trial court, when considering a motion for summary judgment, should not decide an issue of fact but only determine whether one exists. (*Addison v. Whittenberg* (1988), 124 Ill. 2d 287, 529 N.E.2d 552.) If, on review, the court finds that a genuine issue of material fact exists, summary judgment must be reversed. *Addison*, 124 Ill. 2d 287, 529 N.E.2d 552.

On appeal defendants do not argue, as they did in the trial court, that they were entitled to summary judgment because an evidentiary presumption arose when plaintiff lost the X rays taken at St. Mary. Instead, defendants argue that summary judgment was proper because plaintiff lost a necessary piece of evidence, relying on products liability cases where plaintiffs lost the product in question.

Defendants rely primarily on *Loy v. Firestone Tire & Rubber Co.* (1988), 168 Ill. App. 3d 503, 522 N.E.2d 848, where plaintiffs could not produce a ratchet wrench they alleged was defective. Defendant was granted summary judgment when it presented uncontradicted evidence that the wrench would not be available to an expert for examination and that any defect present when the accident occurred was not likely present when the wrench left defendant's possession. The appellate court affirmed. The court found that plaintiffs did not meet their burden to present evidence in opposition to defendant's motion for summary judgment that the wrench was defective when it left defendant's control.

■ The obvious distinction between *Loy* and the present case is that *Loy* was a products liability action and this is an action for medical malpractice. The elements necessary to prove each cause of action are different and, therefore, *Loy* is not directly applicable here. Also, in *Loy*, plaintiffs' allegation of negligence against defendant was based solely on the wrench. In this case, plaintiff's allegations of negligence against St. Mary and Drs. Gonzalez, Chmiel, and Wilk included acts which did not focus on the X rays, such as St. Mary's failure to provide competent personnel and the failure of Drs. Gonzalez, Chmiel, and Wilk to perform other tests. Only plaintiff's allegations of negligence against Dr. Ramulu and Community Radiology focused exclusively on the X rays. Further, summary judgment was affirmed in *Loy* because the

court found plaintiffs failed to meet their burden to present evidence to contradict defendant's motion. In this case, the material presented in support of defendants' motion for summary judgment does not warrant a similar holding.

■ Generally, subject to certain exceptions, a plaintiff must present expert testimony to prove medical malpractice. (*Addison*, 124 Ill. 2d 287, 529 N.E.2d 552.) Summary judgment in favor of a defendant in a medical malpractice action is proper if he presents uncontradicted evidence, by affidavit or otherwise, that he complied with the applicable standard of care. (*Addison*, 124 Ill. 2d 287, 529 N.E.2d 552.) However, if the defendant does not support his motion for summary judgment with evidentiary facts, the plaintiff may rely on his complaint to establish a genuine issue of fact. *Smith v. St. Therese Hospital* (1982), 106 Ill. App. 3d 268, 435 N.E.2d 939.

Defendants rely on cases which held that summary judgment for a defendant in a medical malpractice case is proper if plaintiff has not presented expert testimony to support the allegations of his complaint. (*Addison v. Whittenberg* (1988), 124 Ill. 2d 287, 529 N.E.2d 552; *Smith v. South Shore Hospital* (1989), 187 Ill. App. 3d 847, 543 N.E.2d 868; *Gordon v. Nasr* (1989), 182 Ill. App. 3d 964, 538 N.E.2d 843.) In each of those cases, unlike the present case, defendants supported their motions for summary judgment with evidence establishing that they complied with the applicable standard of care.

■ In this case, defendants did not support their motion for summary judgment with affidavits or other evidence showing that they complied with the standard of care. None of the doctors submitted affidavits and only Dr. Ramulu was deposed. His deposition was not included in the record on appeal. St. Mary relied on Bira's affidavit who only stated that no doctor employed by St. Mary interpreted the X rays. However, as stated previously, plaintiff's allegations of negligence against St. Mary and Drs. Gonzalez, Chmiel, and Wilk involve acts other than interpreting the X rays.

Without evidence that defendants complied with the standard of care, it was not necessary for plaintiff to present an expert witness that defendants deviated from the standard of care to oppose the motion for summary judgment. Summary judgment in defendants' favor was improper because a question of fact existed as to whether they complied with the applicable standard of care.

Reversed and remanded.

MURRAY and GORDON, JJ., concur.