TERRY MAUS, Plaintiff-Appellant, v. MARATHON PETROLEUM COMPANY *et al.*, Defendants-Appellees.

Fifth District   No. 5—91—0449

Opinion filed June 4, 1992.—Rehearing denied July 8, 1992.

Law Offices of Robert L. Douglas, Ltd., of Robinson, for appellant.

John P. Ewart and John L. Barger, both of Craig & Craig, of Mattoon, for appellees.

JUSTICE CHAPMAN delivered the opinion of the court:

Terry Maus brought an action against his former employer, Marathon Petroleum Company, and acting subforeman, Paul Wilson, for wrongful termination and breach of employment contract. The jury found for the defendants. We reverse and remand with directions.

Terry Maus began working for Marathon in 1970. Sometime in late January or early February 1983, Maus approached his supervisor, foreman Jack Blankenbecker, and asked to be scheduled off work for the two days preceding his vacation of March 14-21, 1983. Blankenbecker replied that this did not seem to be a problem and posted a note to try to schedule the plaintiff off work for those two days. The actual work schedule for the week of March 7 would not be finalized until a few days before that date. Blankenbecker went on vacation in late February and did not return to his duties as foreman until Monday, March 14.

While Blankenbecker was gone, Paul Wilson acted as subforeman, and it became his responsibility to prepare the work schedule for the week of March 7. Wilson told Maus he could not schedule him off work for the requested two days due to a shortage of manpower. Maus claimed that Wilson then advised him to "call in sick," but Wilson denied this.

On Friday, March 11, the plaintiff phoned in sick, and he left for a Jamaican vacation the next day. Plaintiff returned from Jamaica on March 20. On March 21 Jack Blankenbecker asked the plaintiff to come to a meeting at the main office building. Present at the meeting were the plaintiff, Blankenbecker, operations manager Jerry Atkins, and employee relations manager Don McNeely. Blankenbecker told Maus to "tell the truth." Atkins conducted the meeting and asked the plaintiff when he had flown out. Plaintiff lied and said that he had flown out on Monday, March 14.

After this meeting Atkins advised his supervisor, Donald Dobe, the division manager, that there might be a problem with Maus in connection with unexcused absences. On March 22 plaintiff was again called to the office and asked to sign a release form allowing Marathon to contact Air Jamaica in order to confirm plaintiff's claim that he had not flown out until Monday, March 14. Plaintiff signed the release, and the airline released information which established that plaintiff had departed for Jamaica on March 12.

On April 6, plaintiff was requested to attend another meeting. At the meeting Atkins informed plaintiff of the airline's response. Plaintiff lied again and claimed the airline had made a mistake. Atkins then informed the plaintiff that due to the seriousness of the matter the plaintiff would be sent home and not allowed to return until after the issue was resolved.

On the evening of April 7, 1983, the plaintiff contacted Blankenbecker and acknowledged that he had been lying and that he had indeed flown to Jamaica on Saturday, March 12. Atkins was contacted and plaintiff admitted this information to him as well.

The next morning, April 8, Atkins talked to both McNeely and Dobe. Mr. Dobe made the final decision to terminate Terry Maus. At that point in time Dobe had only been with the division one year and was not familiar with the disciplinary procedures at the plant. On that same morning, Atkins called plaintiff to a meeting in McNeely's office and informed plaintiff of his termination. Plaintiff was offered a prepared letter of resignation, but he refused to sign it.

On February 13, 1987, the plaintiff filed a complaint against Marathon Petroleum Company and its employee relations manager, Don

McNeely. The complaint alleged that the defendants violated contractual rights that the plaintiff had with Marathon through an employee relations handbook. The complaint was later amended to add another defendant, Paul Wilson, the subforeman. On October 12, 1988, the plaintiff dismissed Don McNeely as a party defendant. The jury found for defendants, Marathon and Wilson.

Plaintiff claims, among other things, that the trial court committed error in failing to order witness Donald Dobe to answer certain questions in a discovery deposition and further erred in failing to allow the plaintiff to amend his complaint to conform to proofs at trial.

On December 9, 1988, plaintiff's counsel took the deposition of Donald Dobe, the division manager of Marathon at the time plaintiff was fired. During the deposition defendant's attorney objected to some of the questions and instructed Dobe not to answer them. The questions dealt with Dobe's deference to Atkins and McNeely in the decision to terminate the plaintiff and whether Dobe had ever been told that plaintiff voluntarily informed Mr. Blankenbecker that he had indeed left for Jamaica, rather than actually being sick, prior to his discharge. If not, Dobe was asked, would this have made a difference in his final decision.

The witness refused to answer those questions on the advice of Marathon's attorney. Plaintiff filed a motion to compel answers, and the trial court judge denied the motion with respect to these questions.

At trial Mr. Dobe testified that it would have been important for him to know whether Mr. Maus had admitted the improper claim of illness before he was discharged. Dobe could not, however, at trial state with certainty whether or not he had been informed of this prior to deciding to terminate. This testimony was first developed at trial. Plaintiff's counsel, based on this testimony, requested leave to amend his complaint to state a cause of action against Marathon based on Mr. Dobe's failure to properly investigate fully the Terry Maus matter as required by the employee handbook:

> "3. If you do not feel your problem has been satisfactorily resolved, you may submit it in writing to the Refinery's Division Manager *who will investigate the matter fully and give you an answer*." (Emphasis added.)

Plaintiff claims that due to the trial court's failure to compel Dobe to answer the disputed deposition questions, plaintiff was unable to develop the factual basis of this claim until Dobe testified at trial. Consequently, plaintiff contends that the trial court erred in not allow-

ing plaintiff to amend his complaint to conform with the evidence derived from Donald Dobe at trial.

We need not address the correctness of the trial court's decision not to compel answers to the various deposition questions at issue. The fact of the matter is, for whatever reasons, the court did not compel the answers, and the plaintiff was not made aware of the decision process, or lack thereof, employed by division manager Donald Dobe until Mr. Dobe testified at the actual trial.

■ Section 2—616 of the Code of Civil Procedure allows for amendment of pleadings "[a]t any time before final judgment *** on just and reasonable terms." (Ill. Rev. Stat. 1989, ch. 110, par. 2—616.) The trial court's power to allow amendments should be freely exercised so that a party may fully present its cause of action. The test for determining whether the trial court's discretion was properly exercised is whether allowance of the amendment furthers the ends of justice. (*Trident Industrial Products Corp. v. American National Bank & Trust Co.* (1986), 149 Ill. App. 3d 857, 866, 501 N.E.2d 273, 280.) However, once a trial has begun, an amendment ordinarily should not be permitted for matters of which the pleader had full knowledge at the time of the filing of the original pleading and no excuse is presented for omitting the substance of the amendment from the original pleading, especially where the amendment is prejudicial or would alter the nature and quality of proof required to defend. *Weldon v. Hawkins* (1989), 183 Ill. App. 3d 525, 533-34, 539 N.E.2d 229, 234.

■ While some prejudice might result from a late amendment, we do not find the nature of the proposed complaint a substantial alteration from the original. We also note that the plaintiff did not have full knowledge of the substance of the amendment at the time of the original or amended filings due in no small part to the trial court's denial of plaintiff's motion to compel on the deposition questions dealing with Mr. Dobe's "investigation" and subsequent decision to terminate. We, therefore, conclude that allowing plaintiff's proposed amendment would have furthered the ends of justice and should have been allowed. To this end we reverse the ruling of the trial court and remand for a new trial in accordance with the findings of this opinion.

In view of this disposition, we need not address the other issues raised on appeal at this time.

Reversed and remanded.

GOLDENHERSH, P.J., and RARICK, J., concur.